MARK A. HUSON, plaintiff in error, *vs.* JAMES MARTIN, sheriff, defendant in error.

Execution issued upon a judgment obtained in 1869, and a rule was moved against the sheriff for not paying over the money on the *fi. fa.*, which rule proceeded to attachment, absolute, to which the sheriff excepted, and superseded the enforcement thereof by bond, in terms of the law.

And, after such proceedings against the sheriff, and the carrying the case to this Court, the plaintiff in *fi. fa.*, petitioned the Court, setting out these facts, and the whole record in the original suit, to instruct the sheriff to levy the *fi. fa.*, upon the ground that such payment was not based on a contract between the parties before june, 1865, and, consequently, was not within the resolution of the Legislature staying the levy of *fi. fas.*, on such contracts, which instructions the Court refused to give upon the ground that he had already granted an attachment absolute for the money due on the *fi. fa* :

*Held,* That there was no error to refuse the instructions under the circumstances. The party plaintiff had his option to initiate his proceedings in the Court below by rule or action against the sheriff, or, waiving any step against him primarily, to have brought the matter for instructions to the sheriff before the Court, upon proper petition, making the defendants parties thereto. But having instituted proceeding by rule against the sheriff officially, and the judgment thereon having been, under the provisions of the law, superceded during its pendency in this Court, the whole case was suspended, and the *fi. fa.*, could not proceed at the instance of the plaintiffs in *fi. fa.* And it was proper in the Judge to decline such instructions, and especially as his judgment on the rule was already the adjudication of the question sought to be readjudicated by the petitioner.

Sheriffs. Practice. Stay-laws. Before Judge COLE. Bibb Superior Court. May Term, 1869.

Huson's counsel ruled the sheriff for not collecting his *fi. fa.* against Roberts *et al.*, obtained a judgment requiring him to pay the amount, and, on his failure to pay, an order absolute for his imprisonment till he did pay said amount to Huson. The sheriff sued out a writ of error and thus superseded said judgments. At the same time, pending this *supersedeas*, Huson's counsel stated to the Court that the pretence by which the sheriff had been induced not to make the money, was that it was for a debt contracted prior to June 1865, and was therefore stayed by the Stay-resolution of 1870; that said resolution and the Relief Act passed afterwards were unconstitutional, and, if not, that this cause was not covered by them. To prove this, they presented the original record and evidence in Huson *vs.* Roberts *et al:* 40 Ga. R., 30. And without making Roberts *et al.*, parties to the motion, moved the Court to order the sheriff to proceed to collect said *fi fa.*, notwithstanding said Stay-resolution and Relief Act.

The Judge declined to grant such order, upon the ground that the *fi. fa.* itself was an order for the sheriff to proceed, and because he had just passed the orders absolute aforesaid, because of his failure to proceed. This refusal is assigned as error.

R. F. LYON, JOHN RUTHERFORD, for plaintiff in error.

W. K. DEGRAFFENRIED, for defendant in error.

LOCHRANE, C. J.

The record in this case discloses that Huson had a judgment against Roberts and Starke, obtained in 1869, upon which execution issued, and was placed in the hands of the sheriff, Martin, to levy; that a rule had been taken against

Huson *vs.* Martin.

the sheriff for not paying over the money thereon, and the sheriff had answered the rule, and the Court adjudged his answer insufficient, and made the attachment absolute; that the sheriff excepted to the judgment of the Court in the premises, gave bond operating as a *supersedeas* until the hearing of the case before this Court.

Subsequent to these proceedings, upon the rule against Martin, sheriff, this case was presented to the Court by petition setting out these facts and the whole record of the original suit below, and asking the Court to instruct the sheriff to proceed to levy and make the money on the *fi. fa.* The Judge declined giving the instructions asked upon the ground that he had already granted the attachment absolute for the money due on this *fi. fa.*, against the sheriff. And this judgment constitutes the error complained of.

This question is somewhat anomalous, and arises under the peculiar circumstances of the case. In the answer of the sheriff to the rule, he sets out as his *excuse* or reason for not making the money, that the resolution of the Legislature staying the collection of *fi. fas.*, obtained upon debts contracted before June, 1865, prevented him making the money. And this direction was invoked upon the two propositions:

1st. That the record disclosed that this case was not within the resolution, and

2d. That the ministerial character of the sheriff's office and his good faith, might be a ground for his protection, and the instructions prayed were intended to anticipate the judgment of this Court, and leave him without excuse or defense thereafter, in case he should be protected.

In our opinion the party plaintiff had his option to initiate his proceedings in the Court below. The sheriff was liable to rule or action, but not both, and proceedings against him upon rule for the money, suspended other action until that was disposed of. On waiving any step against the sheriff primarily, they had the right to proceed before the Court for instructions directing the levy, upon proper petition, mak-

ing the defendants thereto parties, and adjudicating the rights presented by petition, and answers in the premises; but having instituted their proceedings directly against the sheriff, other modes were suspended until this was discharged.

And inasmuch as the sheriff, by his bill of exceptions, superseded the judgment against himself for the money due on this *fi. fa.*, we are of opinion, that the Court had no other instruction to give. He had already decided the question raised by this very petition as against the sheriff, and he could not conclude the parties, defendant, by a judgment on their respective rights, in such a summary mode as that invoked by the pleadings in this case. We therefore affirm the judgment of the Court below.

Judgment affirmed.