HOWARD *et al. vs.* THE LOWELL-MACHINE COMPANY *et al.*

| 75 | 325 |
| 88 | 366 |
| 75 | 325 |
| 107 | 794 |

1. A restraining order was granted, a temporary receiver appointed, and defendants in the bill were called on to show cause why an injunction should not issue and the receiver be continued. A hearing was had, and the restraining order against one of the defendants was rescinded, and leave was granted to it to proceed with its mortgage *fi. fa.* against the property mortgaged. As against the other defendants, the injunction prayed for was continued until the final hearing of the case, and the receivership was continued until the further order of the court, except that it should not operate against the first named defendant. As to that defendant, complainant excepted, and took a writ of error against it alone, taking a *supersedeas* to the decree to that extent. Subsequently the other defendants moved to have the decretal order modified as to them, and after notice given, the judge dissolved the injunction and rescinded the appointment of the receiver as to all of the defendants, except one, as to whom and the mortgage held by him the restraining order was continued until the final hearing, the receiver being ordered to turn over the property in his hands to the parties from whom he received it :

*Held,* that the filing of the bill of exceptions did not remove the entire case to this court, so as to prevent further action by the chancellor as between the complainant and defendants who were not parties to that writ of error.

(a.) The general rule is that, while a case is pending in this court on writ of error, further action by the court below in that case is *coram non judice* and void.

2. As a general rule, an interlocutory decree is under the control of the chancellor until the final hearing. Any defendant may move, on ten days' notice to the opposite party, for the dissolution of any injunction or the revoking of any other extraordinary writ in vacation, and the chancellor is required to decide upon the same principles as if presiding in term. The granting and continuing of injunctions must always rest in the sound discretion of the judge, according to the circumstances of each case ; and one who moves the dissolution of an injunction is not confined to matters arising subsequent to the order granting it.

3. An order appointing a receiver may be revoked without giving him notice to show cause why it should not be done. It is only in cases where his conduct is called in question and where it is sought to make him liable, or where he is called on to account or to make return, that he is entitled to notice or to a hearing; but he is not so entitled when the question relates to the necessity of his appointment or of its continuance.

4. On the hearing of a motion to dissolve an injunction, it was proper for the chancellor to refuse to allow issues to be made, and evidence offered under them, touching his own intention and action in the case or contradicting his recollection of facts occurring before him.

5. There was no abuse of discretion in dissolving the injunction or rescinding the order for the appointment of the receiver

6. Nor was there any abuse of discretion in refusing the injunction and receiver as to the first defendant. There was no allegation of fraud or unfairness as to its debt, nor that its forbearance or delay to enforce its judgment was with any improper view to interfere with the rights of the complainant or was in aid of others seeking that end.

(*a.*) The court had the right to allow this party, upon its application, to proceed against the mortgaged property, although it was in the hands of a receiver.

December 22, 1885.

Practice in Supreme Court.   Practice in Superior Court. Injunction.   Receiver.   Before   Judge   FAIN.   Bartow County.   At Chambers.   August 3 and October 27, 1885.

Reported in the decision.

MILNER, AKIN & HARRIS, for plaintiffs in error

B. F. ABBOTT; GRAHAM & GRAHAM: KING & SPALDING; J. R. GRAY, for defendants.

HALL, Justice.

A restraining order had been granted and a temporary receiver appointed, as prayed by complainants' bill.   At the same time, the defendants were called upon to show cause, on a day and at a place named in the order, why the injunction should not issue and the receiver be continued.   The defendants appeared at the time and place appointed and made their showing against the process and appointment, when the parties were fully heard, but the decision of the chancellor was not rendered until a subsequent time   On the 3d day of August, 1885, the

application was passed upon, and the interlocutory decree then made directed that the restraining order theretofore passed against the Lowell Machine Company, one of the defendants, be rescinded, and that they have leave to proceed with their mortgage *fi. fa.* against the property mortgaged. As against all the other defendants, the injunction, as prayed for in the bill, was continued until the final hearing thereof, and the receivership previously ordered in the cause was continued until the further order of the court, except that said receivership should not operate against the Lowell Machine Company. To so much of this decree as related to the Lowell Machine Company, the complainant excepted and had his bill of exceptions and writ of error allowed against that defendant only. To this extent the decree was superseded. These papers were duly served on the Lowell Machine Company, filed in the clerk's office and transmitted to this court. Subsequently thereto, the other defendants moved the judge to modify this decretal order as to them. Notice of this motion was served on the complainant, and, on the 23d day of August, 1885, for certain satisfactory reason recited, the judge dissolved the injunction and rescinded the appointment of the receiver, as to all the defendants, except Miles G. Dobbins, as to whom and the mortgage held by him the restraining order was continued until the final hearing of the cause. The receiver was ordered to turn over the property in his hand to the parties from whom he received it. To this decretal order the complainant took another bill of exceptions, and sued out another writ of error, and insists that there was error in that:

(1.) The court had no power or authority to pass the order.

(2.) There was no pleading to sustain it.

(3.) In refusing to hear evidence on the issues tendered by complainant.

(4.) That it could not have been passed without notice to the receiver, and that, none was given him.

(5.) In passing the order, without its being shown that cause had arisen since the decree of August the third, 1885.

(6.) In passing the order while the cause was pending in the Supreme Court.

(7) and (8.) In passing the same, under the law and facts, as disclosed in the bill of exceptions, and in not refusing to pass any order whatever.

1. The last of these bills of exceptions will first be considered. The first and sixth exceptions to the last decree call in question the power and authority of the judge to make it, while the cause was pending on writ of error in this court; and if these exceptions were well founded, there could be little doubt of the correctness of the position assumed. Had there been a case between these parties and the complainant respecting the same subject-matter pending in this court, and had the decision excepted to been superseded, then it would have been taken from his cognizance, and any order modifying the decree, during the pendency of the writ of error, would have been *coram non judice* and void. This is a well-settled principle. *The Western and Atlantic Railroad vs. The State*, 69 *Ga.*, 525, 532, 533. While it is true that there is a case pending here between the complainant and a defendant to the bill, in which these parties are also respondents, yet they have no interest in the termination of the case made by that writ of error, and no such connection with the defendant therein as has any bearing whatever upon their respective claims; they have no controversy and make no issue with the Lowell Machine Company, and that company does not call in question any of the rights or claims set up by them. It is no party to this bill of exceptions, nor are they or any one of them parties to the first, in which it is a defendant. They stand just as they would have stood had there been no bill of exceptions to reverse a decree made in its favor. We, therefore, conclude that there is nothing in these exceptions.

2. The next question made relates to the power to mod-

ify or rescind an interlocutory decree, rendered upon cause shown why an injunction should not issue or a re ceiver be appointed; and this involves a consideration of the 5th, 7th and 8th exceptions. The general rule is that an interlocutory decree is under the control of the chan cellor until the final hearing. Any defendant may move, on ten days' notice to the opposite party, the dissolution of an injunction or the revoking of any other extraordi. nary writ in vacation, and the chancellor is required to decide upon the same principles as if presiding in term. Code, §§3217, 4186 ; *Strickland vs. Griffin*, 70 *Ga.*, 542, 550, 551, 552. Nor is the movant confined to matters arising subsequent to the ordering of the injunction. This would take away the power to act in any case where an order was improvidently granted, or where a mistake was made, as in the present instance, as to the terms of the order and the parties meant to be included therein. There would be no means of rectifying an innocent mistake or of relieving from hardship and wrong, without a resort to this court; and we do not understand that sound policy, as inculcated by the law, encourages such a course. It is a fixed rule that the granting and continuing of injunc-tions must always rest in the sound discretion of the judge, according to the circumstances of each case. Code, §3220 and citations:

3. There is nothing in the 4th exception. The receiver is the officer of the court, and an order appointing him. may be revoked without giving him notice to show cause. why it should not be done. He is no party to a proceed-ing instituted for that purpose ; it is only in cases where his conduct is called in question and where it is sought to make him liable, or where he is called upon to account or to make return, that he is entitled to notice or to a hearing. Code, §276. He is not to be consulted, or his wishes re- garded, when the question relates to the necessity of his appointment or its continuance. The Code, §247, par. 5, covers this question; by it express power is given the

judges of the superior court in vacation to hear and deter-mine " all motions to revoke or change orders appointing a receiver, on ten days' written notice being given to the opposite party or his solicitor, and by service with a copy of such motion to revoke or change such order."

4. The 2d and 3d exceptions seem to insist upon a prac-tice of which we have heretofore had no knowledge, or even an intimation. If a judge would maintain his au-thority and preserve the respect that is due to his station, he could not, as he did not in this case, suffer issues to be made and evidence offered under them touching his own intention and action in the case, or contradicting his rec-ollection of facts occurring before him. Although we are satisfied that such was not the purpose of counsel, yet we cannot withhold the expression of opinion that such a pro-ceeding is not altogether decorous or consistent with the deference due to rank and authority.

5. We cannot say that there was any abuse of discretion in dissolving this injunction or rescinding the order for the appointment of the receiver. On all the material points in litigation, the evidence is conflcting, and as to the ques-tions relative to the respective rights and liens—the nature and character thereof, we express no opinion, as these matters may have to be passed upon hereafter by the court and jury, upon a fairer and fuller disclosure of facts than is generally attainable on the hearing of preliminary mo-tions by affidavits before the judge sitting in chambers. There is no complaint made, and if made, we do not know that it would have been available, of the continuance of the injunction as to the defendant, Dobbins. The result of our deliberations is, that the judgment in No. 17 must be affirmed.

6. As to the other case, No. 15, we are led to the same conclusion. The bill makes no allegation of fraud or un-fairness as to the debt or lien of the Lowell Machine Com-pany, and does not assert that its forbearance or delay to enforce the judgment rendered by the circuit court of the

United States, was with any improper view to interfere with the rights of complainants, or was in aid of others seeking this end. The court had the right to allow this party, upon its application, to proceed against the mortgaged property, although it was in the hands of its receiver. Under the circumstances disclosed, it was perhaps its duty to grant the request of this defendant. This results in an affirmance of that decision.

Judgment affirmed in both cases.