## STOKES v. STOKES.

COBB, P. J. 1. The judgment of a judge of the superior court in a proceeding for alimony, whether in term or vacation, or in the progress of the cause, is the subject of writ of error on the same terms that are prescribed in cases of injunctions. Civil Code, § 2468.

2. When a judgment granting or refusing an injunction is brought to the Supreme Court by a fast bill of exceptions, no supersedeas results from merely filing the bill of exceptions and making an affidavit of inability from poverty to pay the costs and give security. In such cases the judge is authorized to grant a supersedeas upon such terms as may be by him deemed necessary to preserve the rights of the parties until the judgment of the Supreme Court can be had. A supersedeas in such a case results only when an order of the judge has been passed prescribing the terms upon which the supersedeas will be granted and such order has been complied with. Civil Code, § 4925; *Ryan* v. *Kingsbery,* 88 *Ga.* 361.

3. The provisions of the Civil Code, § 4046, providing for a trial by jury in certain proceedings for contempt, has no application to a rule for contempt issued in the progress of an alimony case, requiring the respondent to show cause why he should not comply with the order of the court that he pay given amounts as temporary alimony and attorney's fees.

4. When, in a proceeding for contempt, founded upon a failure to comply with an order of the court requiring the payment of alimony and attorney's fees, the judge finds that the respondent is in contempt and commits him to jail, it is, when a bill of exceptions assigning error upon such judgment is tendered, within the discretion of the judge to make a supersedeas of the judgment dependent upon the respondent's giving a bond in a reasonable amount, conditioned to comply with the order of the court for the payment of alimony and attorney's fees, in the event the judgment in the contempt case is upheld by the Supreme Court.

5. The evidence authorized the order complained of, and no sufficient reason appears for reversing the judgment.

*Judgment affirmed. All the Justices concur.*

Argued October 20,—Decided November 16, 1906.

Rule for contempt.     Before Judge Wright.     Floyd superior court.   June 9, 1906.

*Henry Walker,* for plaintiff in error.