### BARNETT *v.* STRAIN.

FISH, C. J. 1. The general rule is that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, such as are based upon and relate to the carrying into effect of that judgment. Under the general rule the supersedeas deprives the trial court rendering the judgment of jurisdiction to take further proceeding towards its enforcement. 3 C. J. 1315, § § 1446-1457; Ib. 1448; *Huson* v. *Martin,* 42 *Ga.* 85; *Western & Atlantic R. Co.* v. *State,* 69 *Ga.* 525, 533; *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325 (1a).

2. A verdict and judgment for the land involved were rendered for the plaintiff in an action for land, but for no mesne profits, and no claim was in issue as to the rent for the current year. The defendant duly moved for a new trial, which was refused, and on the date of the refusal the plaintiff presented to the judge his petition alleged to be ancillary to and in aid of his suit for the land. This petition, in effect, was an effort to amend plaintiff's suit in ejectment, and, as amended, set forth in substance, that plaintiff obtained the verdict and judgment for the recovery of the land for which he sued, but no recovery was had for rent of the current year; that at the time of the recovery of the land certain crops were growing thereon, which were still unsevered; that the defend-

ant was insolvent; that he would doubtless take the suit for the land to the Supreme Court on exceptions to the overruling of the motion for new trial, and that he was still in possession of the premises, and was removing rock, dirt, sand, gravel, and timber therefrom.   Among others, there were prayers for the appointment of a receiver for the land and the crops thereon, and that the defendant be enjoined from interfering with the premises and from removing the crops or anything of value therefrom.   The judge granted a temporary restraining order, and a rule requiring defendant to show cause on a given date why the prayers of the petition should not be granted.   The record does not show the date of the filing of a bill of exceptions by defendant in the action for the land.   It does disclose, however, that he did file such a bill of exceptions prior to the date of hearing appointed by the judge on plaintiff's petition, and that there was filed therewith an affidavit in forma pauperis, made by defendant in accordance with the Civil Code (1910), §§ 6165 (3), 6166, for obtaining a supersedeas.   The judge, on evidence tending to sustain the allegations of the petition, rendered a judgment appointing a receiver " to take charge of the premises in dispute and rent the same to the best advantage pending the litigation, . . to take possession of any of the crops that are unsold and now upon the premises, and to preserve and hold the same until the further order of the court," and enjoining the defendant from interfering with the receiver's possession of the premises and from removing anything of value therefrom until the further order of the court.   *Held*, that the filing of the bill of exceptions in the suit for the land, assigning error upon the judgment refusing defendant a new trial therein, together with his pauper affidavit in accordance with the provisions of the code, constituted a supersedeas staying all further proceedings based upon the judgment rendered in the action for the recovery of the land, or seeking to carry that judgment into effect; and that therefore the judge was without jurisdiction to render the judgment here complained of while the suit for the land was on writ of error pending in the Supreme Court.

> *Judgment reversed.   All the Justices concur.*

No. 2416.   February 28, 1922.

Injunction and receivership.   Before Judge Tarver.   Whitfield superior court.   February 28, 1921.

*George G. Glenn* and *Ralph H. House,* for plaintiff in error.

*J. G. B. Erwin* and *Maddox, McCamy & Shumate,* contra.