CITY OF MACON *v.* WHITTINGTON; *et vice versa.*

Nos. 7509, 7510. June 14, 1930.

*Arthur Lewis, E. W. Maynard* and *Ellison Hall Jr.,* for City of Macon.

*John J. McCreary,* contra.

Hill, J. Mrs. S. E. Whittington obtained from the industrial commission of Georgia an award against the City of Macon, by reason of the death of her son, who was killed in the performance of his duty as a fireman of the City of Macon. The City of Macon appealed from the award of the commission to the superior court of Bibb County, which affirmed the award and entered judgment against the City of Macon. Execution was issued on this judgment. The case was taken by bill of exceptions by the City of Macon to the Court of Appeals. The city filed no supersedeas bond. While the case was pending in the Court of Appeals the execution which Mrs. Whittington had obtained was levied on certain real property of the City of Macon. The City of Macon filed an affidavit of illegality, claiming that the execution was issued and was proceeding illegally on various grounds. A demurrer to the affidavit of illegality was filed, and was sustained, and the affidavit of illegality was dismissed, to which judgment the City of Macon excepted.

The cross-bill of exceptions assigns error on the allowance of the amendment to the affidavit of illegality filed by the City of Macon, and says that the same was contrary to law; that the original affidavit was a nullity; that it contained nothing to amend by; that it was not amendable; and that the court had no jurisdiction to allow the amendment. It is clear that an affidavit of illegality must be verified positively, and that an oath qualified by the words "to the best of his knowledge and belief" is not sufficient. *Sprinz* v. *Vannucki,* 80 *Ga.* 774 (6 S. E. 816). But that decision did not hold, nor in any case decided by this court has it been held, that an affidavit of illegality qualified as stated is a nullity. If the affidavit is not a nullity, it is amendable by positively verifying the grounds of illegality. Affidavits of illegality stand upon the

**614**

same plane as affidavits to garnishments, ne exeat, non est factum, attachment, etc. See *Herring* v. *State,* 119 *Ga.* 709, 718 (46 S. E. 876) ; *Winn* v. *Miller,* 136 *Ga.* 388 (71 S. E. 658). In *Plant* v. *Mutual Life Ins. Co.,* 92 *Ga.* 636 (19 S. E. 719), the court had for consideration the question of amendment to the affidavit to the answer of the garnishee. There it was held: "An answer sworn to . . 'to the best of his knowledge and belief' is not properly verified." And then it was ruled: "In this case direction is given that amendment be allowed, if a proper amendment be tendered and duly verified, within ten days after the entry of the remittitur from this court in the court below." The judge did not err in allowing the amendment to the affidavit of illegality, swearing positively to the facts contained in the affidavit.

■ It appears from the record in this case that an award was made by the industrial commission of Georgia in favor of the plaintiff, and an appeal was taken from that award to the superior court, which affirmed the award of the industrial commission. The case was then taken by the City of Macon to the Court of Appeals, without obtaining a supersedeas bond, and the case is still pending in the Court of Appeals. In the meantime an execution was issued and levied upon property belonging to the City of Macon, and an affidavit of illegality of the execution upon various grounds was filed, some of which attack the constitutionality of the workmen's compensation act. It is insisted by the plaintiff in error that the City of Macon has complied with the provisions of the act respecting insurance, and that no supersedeas bond was necessary. This statement as to having complied with the provisions of the act respecting insurance is not denied by the defendant in error; but it is insisted that supersedeas of the judgment when the case was taken by writ of error to the Court of Appeals is not had unless the losing party files a pauper affidavit or posts the usual supersedeas bond. It is argued by the defendant in error that the act does not provide that the judgment of the superior court affirming the award of the industrial commission shall be superseded on filing a bill of exceptions; and, since the act provides that all proceedings shall be the same as though rendered in a suit heard and determined by said court, that the general law as to the supersedeas of judgments applies in this case, and the limitations on the right of a winning party to collect his judgment should not be extended.

We think that under the employer's liability act, where the industrial commission has rendered an award and an appeal is taken from the decision of the commission, or of a certification by the commission of questions of law to the Court of Appeals, said appeal or certification shall operate as a supersedeas, if the employer has complied with the provisions of the act respecting insurance, without giving bond, and no such employer shall be required to make payment of the award involved in the questions made in the case so appealed or certified until such questions at issue therein shall have been fully determined in accordance with the provisions of this act. 9 Park's Code Supp. 1922, § 3154(ggg); Michie's Code, § 3154(59); Ga. L. 1920, pp. 167, 198.

It follows that ground 2 of the affidavit of illegality should have been sustained. This ground alleges that the execution is issuing. illegally, because the City of Macon has appealed from the judgment of the superior court to the Court of Appeals of Georgia; and having complied with the provisions of the workmen's compensation act respecting insurance, the City of Macon is not, under the act, required to make payment of the award involved in the questions made in the case so appealed until such questions at issue therein shall have been fully determined in accordance with the provisions of said act, and that the appeal in this case under the act operates as a supersedeas, without giving bond. The court erred in sustaining the demurrer filed to the affidavit of illegality and in dismissing the same. In view of the foregoing rulings, it becomes unnecessary to deal with the questions as to the constitutionality of the act.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. All the Justices concur.*