SMALLING *et al.* v. COX *et al.*

No. 8183. July 25, 1931.

*Columbus E. Alexander, H. Mercer Jordan,* and *Hitch, Denmark & Lovett,* for plaintiff in error.

*J. P. Dukes* and *Sheppard & Dukes,* contra.

Russell, C. J. A petition in equity was filed in Bryan superior court in the name of alleged creditors of A. T. Smalling, deceased, to subject to the claims of themselves and other creditors an interest in real estate in Bryan county, alleged to belong to the Smalling estate. A claim to the property was filed by John I. Cox in his intervention; and the court appointed him receiver, he appearing to have been in charge of the property and to have the legal title thereto. Later, the creditors in whose name the original petition was brought directed that the suit be dismissed. Mrs. Smalling, administratrix of A. T. Smalling, intervened and sought the removal of Cox and the appointment of another receiver, praying that the property be sold. The judge of the superior court, at the August term, 1930, appointed a coreceiver to act with Cox, and ordered that they seek a purchaser of the land involved, the sale to be subject to confirmation by the court. Mrs. Smalling tendered a bill of exceptions to the foregoing order on September 2, 1930, and the same was certified on September 12, 1930, and filed in the office of the clerk of the superior court on September 19, 1930. On September 2, 1930 (the same day on which she tendered the bill of exceptions) Mrs. Smalling amended her original answer or intervention, and therein made a motion to dismiss the petition. The amendment and motion to dismiss were as follows:

"Now comes Mrs. Jennie D. Smalling, widow of A. T. Smalling Sr., and administratrix upon his estate, and moves to amend her answer and intervention heretofore filed in said case, to wit, on June 18, 1930, as follows: By striking therefrom all of the prayers which seek affirmative equitable relief, except that prayer which seeks removal of John I. Cox as receiver and the prayer for rule nisi. The said Mrs. Jennie D. Smalling, widow and administratrix as aforesaid, moves to dismiss the original bill in

equity filed in said cause, and to discharge the receivers heretofore appointed; and for reason therefor alleges: 1. The original bill in equity in this cause was collusively filed at the instance and request of John I. Cox, and without authority from the petitioners therein, and therefore should be dismissed; upon information and belief she avers that counsel appearing for said petitioning creditors was never authorized to file said bill in their behalf; they promptly disaffirmed the act of such counsel, and have heretofore sought and now seek to have said bill dismissed. 2. The counsel who appeared for said petitioning creditors, to wit, J. A. Caldwell, is not authorized to practice law in the State of Georgia, and could not legally present or file said petition in behalf of said petitioning creditors. 3. Prior to the filing of said suit the said J. A. Caldwell, who is a member of the bar of the State of Tennessee, practicing in Bristol, Sullivan County, Tennessee, was and still is counsel for John I. Cox, one of the defendants in said cause, and brought said bill at his instance and request and in his behalf, and sought to arraign him as a nominal defendant, when in truth and in fact he was the real plaintiff; and a fraud was practiced upon the court in so doing. 4. Said John I. Cox, prior to the filing of said bill, had been enjoined, by a valid order of the chancery court of Sullivan County, Tennessee, in a certain proceeding therein involving the administration of the estate of A. T. Smalling Sr., to which he was a proper party and properly before the court and represented by the said counsel, J. A. Caldwell, from prosecuting any action in any other court involving the subject-matter of this litigation; and the action of said John I. Cox in causing said proceedings to be instituted was a fraud upon the court. 5. There is no necessity for such proceedings in Georgia; it has already been adjudicated in the said chancery court of Sullivan County, Tennessee, that the legal title held by said John I. Cox in and to the property described in said bill is only security for a debt, the amount of said debt has been adjudicated, a proper tender of said amount has been made to the said John I. Cox, and he has refused to convey title to this defendant or her nominee, in violation of a valid order of the said chancery court of Sullivan County, Tennessee; and by reason of such facts he has been adjudicated to be in contempt of the said Tennessee court, has been ordered committed to jail, and has fled the juris-

diction of the Tennessee court, and is now remaining in Bryan County, Georgia, to escape the consequence of the Tennessee court's order. 6. The appointment of receivers in this cause was improvidently made by this honorable court, without the foregoing facts having been brought to the knowledge of the court, and should therefore be revoked, and the receivers discharged; and defendant offers to do equity by abiding such decree of this honorable court as may be entered, providing for compensation, if any, to such of the court's officers as may be lawfully entitled thereto, and by paying such amount. 7. This amendment and motion to dismiss and discharge receivers is presented at the same term of court at which an order of sale of the said property was entered, and before the adjournment of the term. Wherefore defendant prays that this amendment be allowed, that the original bill in said case be dismissed, and the receivers discharged."

The court thereupon issued the following order: "The foregoing amendment and motion of Mrs. Jennie D. Smalling, widow of A. T. Smalling Sr., deceased, and administratrix of his estate, having been presented, the same is ordered filed. It is further ordered that the above-named plaintiffs and John I. Cox, one of the the defendants, and all other parties of record or at interest show cause before me at Claxton, Georgia, on the 18th day of October, 1930, at 11 o'clock a. m., if any they or either of them have, why the prayers of the foregoing motion and amendment should not be granted. Let a copy of the within motion and amendment be served upon each of the parties at interest, unless service be waived, at least five days before said hearing. This September 2, 1930." Upon the return of the answer to the rule nisi upon the motion to dismiss on October 18, 1930, the trial judge refused to hear evidence on the motion to dismiss, his order being as follows: "The within amendment and motion coming on regularly to be heard, under order, and it appearing to the court, that the same subject-matter is before the Supreme Court, it is ordered, considered, and adjudged: (1) That the court declines to hear evidence and in support of the amendment and motion. (2) That the rule heretofore granted on the same be discharged. At Chambers at Claxton, Georgia. This October 18, 1930."

The court did not err in refusing to hear evidence on the motion to dismiss, if for no other reason than that on October 18, 1930,

the court no longer had any jurisdiction in the cause of action. The court could not at that time dismiss the petition under any circumstances, for the reason that by virtue of the bill of exceptions filed by the movant herself as plaintiff in error, which had been certified by the trial judge and filed for transmission to the Supreme Court, the superior court of Bryan county had lost all jurisdiction as to the parties and subject-matter of the suit. When a judge of the superior court certifies a bill of exceptions in accordance with law, it is not within his power to certify a second bill of exceptions. That principle has several times been stated in our reports. It was stated by this court in *W. & A. R.* v. *State,* 69 *Ga.* 524, 532: "However erroneous the action of Judge Willis in signing the bill of exceptions, and however commendable his purpose in so doing, yet, having so signed, the quo warranto case was quite as effectually beyond any further trial or hearing before him, or any other superior-court judge, until passed upon in some way by this court, as if it had been brought here with the greatest possible regularity and legality. The action of a circuit judge is to be effective in determining the legal status of a case before him, and not his opinions upon the necessity or legality of such action. In the eye of the law, the signing of the bill of exceptions was operative as a writ of error from this court to take the cause out of the court below and put it here. And Judge Willis, until this court should send the case back, had no power or jurisdiction over it." It may be that, notwithstanding this rule, a plaintiff in error, by failure to file a bill of exceptions after it has been certified, may retain the cause of action in limine in the trial court. Whether this be true we are not at this time called upon to decide. However, it is quite clear that where a bill of exceptions has been filed by the plaintiff in error, he has made an election of remedies which will debar him from asserting in one breath that he has appealed to the Supreme Court, yet assert in the next breath that he is still within the jurisdiction of the subordinate judicatory, to whose judgment he has excepted by writ of error. In such circumstances he must stand upon his election. In the circumstances of this case the lower court had lost jurisdiction to dismiss the petition, by ordering it to be transmitted to the Supreme Court. The movant (plaintiff in error in this case) was estopped by her own act to deny the jurisdiction of the Supreme Court. It

is alleged in the bill of exceptions that "The decision or judgment herein complained of, the order of October 18, 1930, if it had been rendered as claimed by the plaintiff in error, to wit, if the court had heard evidence in support of the amendment and motion, and had refused to discharge the rule granted thereon, would have been a final disposition of the case, and would have resulted in a discharge of the receivers theretofore appointed and a dismissal of the entire case." In view of what has been said, it is very plain that no judgment which the lower court could have rendered would have been a final disposition of the case, unless a final disposition of the case had been made by the Supreme Court in the judgment upon the writ of error which had been properly filed with the clerk, embodying the order of the judge in his certificate to transmit the writ of error to this court. It is strongly argued that the lower court erred in rendering the order and judgment now before us for review, for the reason that the pendency of a writ of error was no obstacle to the hearing and determination of a second application to sell; as held in *Farmers Co-operative Mfg. Co.* v. *Drake,* 96 *Ga.* 766 (22 S. E. 1004). Plaintiff in error argues that "No good reason is conceived why, if a second application to sell could be entertained under these circumstances, a second effort could not be made to discharge receivers and dismiss the bill, on different grounds, in the case at bar." However, as we have endeavored to point out, the two matters now before us do not involve first and second applications to have the same thing done, and do not relate to or cover the same subject-matter. The case of *Farmers Co-operative Mfg. Co.,* supra, was one in which exception was taken to the granting of an order authorizing the receiver to sell certain property. No supersedeas bond was given or stay obtained by the plaintiff in error, and in the judgment granted there was an order for the sale of the property, which should be reported to the court. This sale not having been had in accordance with the order of the judge at the time contemplated in the decree, this court very properly held that the lower court could pass a second order merely fixing a new date for the sale already provided in the order to which exception had been taken. No supersedeas bond had been given in the first bill of exceptions, and therefore the sale might proceed, just as this court has frequently held that judicial sales of various kinds may proceed

against the property of a claimant or a .defendant in advance of a final adjudication by the Supreme Court of the issue presented in a writ of error, where no supersedeas bond has been given, when such defendant or claimant is the plaintiff in error; but we apprehend the rule to be quite different if the plaintiff in error attempted to substitute a second writ of error for the supersedeas bond required by law in order to postpone the judicial sale. By giving no supersedeas bond, the losing party merely takes the risk of losing such advantages as he might gain if the decision in the writ of error should be in his favor. The ruling in the case of *Hay* v. *Collins,* 118 *Ga.* 243 (44 S. E. 1002), is an exception to the general rule that when a judge has granted a bill of exceptions he exhausts all power he has to deal with the case. The exception presented by the *Hay* case is that there may be two bills of exception to different judgments of the same court in the same case, where the writs of error assert entirely distinct and separate remedies. And so it was in that case held that the judge might grant a writ of error to his judgment overruling a motion for a new trial, and likewise another to the judgment in the same case overruling a motion in arrest of judgment; and the reason given by the court in the *Hay* case is, that one asks for another trial of an issue or issues which have been determined against the movant, and is designed to give the trial judge an opportunity to review the evidence and pass upon the various questions raised on objections to evidence, exceptions to the charge of the judge, and the like, while a motion in arrest of judgment attacks the judgment for some defect apparent upon the face of the record. "The motion in arrest is narrow and restricted in its province, and attacks conclusions reached by court or jury solely on the ground of illegality in form or substance, or because based upon insufficient pleadings or such as are upon their face bad." In the case now before us the exception is merely a continuation or repetition of the same propositions as are contained in the writ of error certified by the judge on September 12, 1930, and for that reason the case is controlled by the ruling of this court in *Smalling* v. *Poore,* 172 *Ga.* 883 (supra). The judgment complained of in the first writ of error was entered on August 4, 1930, and directed the sale of the same land as involved in the case sub judice, subject to confirmation and disposition of the funds as ordered by the court. The

*Poore* case, supra, was dismissed by this court as moot, by reason of an agreement between the parties, after the argument of the case in this court, that the property be sold and the proceeds be paid into court and stand in lieu of the property. This agreement of the parties and judgment of the court thereon. evidences that there was no such new issue and no distinct remedies proposed by the amendment which contained the motion to dismiss as would bring this case within any of the rulings cited by counsel for plaintiff in error in this case, so as to place the case sub judice within any exception to the general rule that the jurisdiction and power of the trial judge is exhausted when he has certified one bill of exceptions.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent.*