CAMPBELL *v.* GORMLEY, superintendent of banks, *et al.*

No. 11925.   NOVEMBER 27, 1937.

*H. E. Edwards,* for plaintiff in error.

*Charles G. Bruce, E. S. Griffith, Carpenter & Ellis,* and *G. B. Walker,* contra.

ATKINSON, Justice.   The plaintiff in error was the intervenor in an equity proceeding.   Although the petition in its original prayers sought an injunction against certain defendants, it did not ask such relief against the intervenor, but prayed only that he be required to intervene and set up his rights.   The final decree did not grant, refuse, or refer to an injunction; but, among other relief, it was decreed as to the intervenor that the legal title to the real estate involved was in him by virtue of a deed from one of the defendants, for the purpose of levying executions against the intervenor for a balance of purchase-money due on the real estate; and that the plaintiff might effect a collection of its debt either by a settlement with the intervenor or a levy of its fi. fas. on the property.   In a bill of exceptions to this decree, in which error was assigned also on the striking of the intervenor's pleadings, he, as the only plaintiff in error, did not except on any ground relating to the originally prayed injunction; but he tendered his bill within the usual time for an ordinary bill, after the twenty days had expired for the presentation of fast bills in cases provided by the Code, § 6-903, including the grant or refusal of injunctions. He filed in the clerk's office the duly certified bill of exceptions with his affidavit in forma pauperis; and notified the sheriff, who had started to advertise the property under the executions against the intervenor, that a supersedeas had been thus obtained.   Upon the sheriff's request that the judge rule as to whether the filing

of the bill of exceptions and affidavit operated as a supersedeas, and upon counsel for both sides appearing before the judge without pleadings, he made an oral ruling that there was no supersedeas. The sheriff continuing to advertise, the intervenor filed an affidavit of illegality, which the sheriff returned into court, and stopped the proceedings to sell. The plaintiff then filed contempt proceedings against the intervenor, because of his filing the affidavit of illegality after the adverse ruling by the judge as to the supersedeas. The intervenor excepted to a judgment punishing him for contempt unless he would purge himself by dismissing the affidavit of illegality and paying the advertising costs incurred by the plaintiff.

1. Contrary to the rule in injunction cases (Code, § 55-202; *Stokes* v. *Stokes,* 126 *Ga.* 804 (2), 55 S. E. 1023; *Ryan* v. *Kingsbery,* 88 *Ga.* 361, 363, 14 S. E. 596), the mere filing in the office of the clerk of the trial court of a proper and duly certified ordinary bill of exceptions, with bond or pauper affidavit, operates as a supersedeas, and no order of court therefor is necessary. Code, § 6-1002; *Wheeler* v. *Wheeler,* 139 *Ga.* 608 (3) (77 S. E. 817). After a supersedeas is obtained in the manner provided by the statutes, the trial court is divested of jurisdiction in the cause, and can take no further proceedings toward the enforcement of the superseded judgment. *Smalling* v. *Cox,* 173 *Ga.* 192 (159 S. E. 663); *Barnett* v. *Strain,* 153 *Ga.* 43 (111 S. E. 574). Any such subsequent order or action "is *coram non judice* and void." *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325. Thus, while an *unsuperseded* order within the jurisdiction of a court must be obeyed, even though erroneous, and disobedience thereof is a contempt of court (Code, § 24-105), yet if the court is without jurisdiction the order is a nullity, and a failure to obey it is not a contempt. *John Hancock Mutual Life Insurance Co.* v. *Baskin,* 179 *Ga.* 86 (3), 88 (175 S. E. 251); *Holbrook* v. *James H. Prichard Motor Co.,* 27 *Ga. App.* 480, 483 (109 S. E. 164), and cit.

2. Under the preceding holdings, and where from the undisputed facts disclosed by the record it appears that the intervenor had obtained by operation of law a supersedeas to the decree rendered against him, which has been reversed (*Campbell* v. *Gormley,* 184 *Ga.* 647, 192 S. E. 430), it was error to adjudge him guilty of contempt merely because of his subsequently filing an

affidavit of illegality of the levy of the execution under the decree thus superseded. Especially is this true since it is the general rule that the mere filing and presentation of pleadings which are thought to be for the purpose of vexation or delay do not constitute contempt of court, unless they are presented in a contemptuous or disrespectful manner, or unless they contain matter which of itself constitutes contempt. Johnson *v.* State, 87 Ark. 45 (112 S. W. 143, 18 L. R. A. (N. S.) 619, 15 Ann. Cas. 531); 13 C. J. 32.

*Judgment reversed. All the Justices concur.*