28509.  INGRAM *v.* LIBERTY MUTUAL INSURANCE CO. *et al.*

DECIDED OCTOBER 6, 1940.   REHEARING DENIED NOVEMBER 9, 1940.

*C. B. McCullar,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

SUTTON, J.  On August 7, 1936, Andrew Ingram, while employed by A. J. Collins Construction Company, insured by Liberty Mutual Insurance Company, sustained an injury which admittedly arose out of and in the course of his employment.  Agreements as to compensation were entered into, approved by the Industrial Board, and paid, for a period of six weeks and one day at the rate of $4 per week, at the expiration of which time final settlement receipts were entered into and filed with the board.  Thereafter, on June 4, 1937, Ingram filed with the board an application for increased compensation, based upon a change in condition, and after a hearing held in June, 1937, the board rendered an award on July 13, 1937, in which it was found as a fact that maximum improvement had been reached; that he was suffering with a twenty-five per cent. loss of use of his right arm, and was entitled to compensation for fifty weeks for this permanent partial industrial handicap.  The employer and the insurance carrier fully complied with the award, and paid the claimant in accordance therewith.  On November 30, 1938, Ingram filed another claim for increased compensation on account of a change in condition.  After a hear-

ing on January 24, 1939, a director of the board, on February 16, 1939, rendered an award in which it was found as a fact that there had been no change in claimant's condition since the hearing and award on July 13, 1937. This award was subsequently affirmed by the board, and on appeal to the superior court the award denying additional compensation was affirmed on November 17, 1939. By bill of exceptions the claimant brought the case to this court. On November 22, 1939, the claimant filed with the Industrial Board an application for additional compensation on account of a change in condition. Without assigning the case for a hearing the board, on December 7, 1939, passed an order, as follows: "After due consideration the full board is of the opinion that where an award of the Industrial Board has been appealed to the superior court in the county in which the accident occurred, and judgment rendered by the superior-court judge, and a bill of exceptions having been filed and certified to the Court of Appeals by said judge to his judgment, that the Industrial Board is without authority or jurisdiction to assign the claim for a hearing or any other purpose until and after the Court of Appeals or Supreme Court has passed upon the appeal from the decision of said judge of the superior court. Therefore the application for a hearing on the ground of change in condition, while said claim is on appeal to the Court of Appeals, is hereby denied until and after the Court of Appeals or Supreme Court passes upon the bill of exceptions in this claim certified to the Court of Appeals by the judge of the superior court of Baldwin County." Ingram appealed from the award to the superior court, which, on April 10, 1940, affirmed the award or order of the Industrial Board. The exception here is to that judgment.

The Code, § 114-710, provides in part as follows: "Any party in interest who is aggrieved by a judgment entered by the superior court upon an appeal from an order or decree of the department [then the Department of Industrial Relations, now the Industrial Board] to the superior court, may have the same reviewed by the Court of Appeals within the time and in the manner provided by law for fast bills of exceptions from other orders, judgments, and decrees of the superior court. In case of an appeal from the decision of the department, said appeal shall operate as a supersedeas, if the employer has complied with the provisions of this title respecting insurance, and no such employer shall be required to

make payment of the award involved in the questions made in the case so appealed, until such questions at issue therein shall have been fully determined in accordance with the provisions of this title." As to the effect of a supersedeas it was ruled in *Campbell* v. *Gormley,* 185 *Ga.* 65 (194 S. E. 177): "Contrary to the rule in injunction cases (Code, § 55-202; *Stokes* v. *Stokes,* 126 *Ga.* 804 (2), 55 S. E. 1023; *Ryan* v. *Kingsbery,* 88 *Ga.* 361, 363, 14 S. E. 596), the mere filing in the office of the clerk of the trial court of a proper and duly certified ordinary bill of exceptions, with bond or pauper affidavit, operates as a supersedeas, and no order of court therefor is necessary. Code, § 6-1002; *Wheeler* v. *Wheeler,* 139 *Ga.* 608 (3) (77 S. E. 817). After a supersedeas is obtained in the manner provided by the statutes, the trial court is divested of jurisdiction in the cause, and can take no further proceedings toward the enforcement of the superseded judgment. *Smalling* v. *Cox,* 173 *Ga.* 192 (159 S. E. 663); *Barnett* v. *Strain,* 153 *Ga.* 43 (111 S. E. 574). Any such subsequent order or action is 'coram non judice and void.' *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325." The supersedeas provided by the statute in favor of an aggrieved party in a compensation case could not reasonably be said to have been intended to operate otherwise than would a supersedeas obtained by compliance with the requirements of the Code, §§ 6-1002, 6-1003, 6-1004. The only effect would be to divest the Industrial Board of jurisdiction with respect to the enforcement of the judgment appealed from. Pending an adjudication in the Court of Appeals of the issue raised by the bill of exceptions filed and certified in the superior court, any attempted exercise of jurisdiction affecting the rights of the parties as determined by the judgment appealed from "is coram non judice and void."

However, the application of the claimant, dated November 22, 1939, for increased compensation on account of an alleged change in condition arising since the hearing, on January 24, 1939, of a previous application for increased compensation on account of an alleged change in condition, did not require of the Industrial Board any exercise of jurisdiction with respect to the right of the claimant as determined adversely to him by the director on February 16, 1939, which award was affirmed by the board on March 30, 1939, and which award of the board was affirmed by the superior court on November 17, 1939. The question raised in the application of

the claimant on November 22, 1939, was whether or not there had been a change in condition since the hearing on January 24, 1939, and on which the award of the director on February 16, 1939, was based. The claimant had the right to apply for increased compensation on account of a change in condition since the hearing on January 24, 1939. The Code, § 114-709, provides: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Department of Industrial Relations may at any time review any award or any settlement made between the parties and filed with the department and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid." However, by the act of 1937 (Ga. L. 1937, pp. 528, 534) this section was amended by striking therefrom the words "at any time" and substituting therefor the words "within two years from the date that the Department of Industrial Relations is notified of the final payment of a claim." The investigation by the board would, of course, be limited to evidence as to a change in condition since the hearing on which the former award was based. "An appeal for review upon the ground of such change [in condition] presents a quasi-new case although it is not a new proceeding, and it is the duty of the commission to examine into it, if the matter sought to be reviewed has not been judicially determined, or become res adjudicata, and if the commission still has jurisdiction of the subject-matter." *Globe Indemnity Co.* v. *Lankford,* 35 *Ga. App.* 599, 602 (134 S. E. 357). The refusal of the board to entertain jurisdiction of the application for an increase in compensation was not based on the ground that it had been judicially determined that no change in condition had arisen since the hearing on which the last award was based, or that the subject-matter of the claim was not within its jurisdiction, but only for the reason that it was without jurisdiction to entertain the claim and grant a hearing while the appeal from the previous award was pending in this court. Inasmuch as, pending an appeal, the supersedeas provided by the statute relates only to a suspension of jurisdiction with respect to the particular issue determined by the

judgment appealed from, and as the claimant had the right, at any time within two years from the date when the board was notified of the final payment of a claim, to file an application for an increase in compensation because of an alleged change in condition since the hearing on which the former award was based, and no issue as to said claimed change had been adjudicated, the board had jurisdiction to entertain the claim so filed; and consequently it erred in refusing to entertain the claim and grant a hearing. The superior court erred in affirming the award of the board denying the application of the claimant.

*Judgment reversed.   Stephens, P. J., and Felton, J., concur.*