33249. AMERICAN MUTUAL LIABILITY INS. CO. *v.* ELLISON.

DECIDED DECEMBER 4, 1950.

714

*Neely, Marshall & Greene, Edgar A. Neely Jr.,* for plaintiffs in error.

*Willingham, Cheney, Hicks & Edwards,* contra.

TOWNSEND, J. (After stating the foregoing facts.) "Any party in interest who is aggrieved by a judgment entered by the superior court upon an appeal from an order or decree of the department [Board of Workmen's Compensation] to the superior court, may have the same reviewed by the Court of Appeals within the time and in the manner provided by law for fast bills of exceptions from other orders, judgments and decrees of the superior court." Code, § 114-710. "Bills of exceptions shall be tendered to the judge·who presided in the cause within 20 days

from the date of the decision complained of. This provision as to time shall apply to bills of exceptions in all classes of cases . ." Code (Ann. Supp.), § 6-902. Thus, since the employer and insurance carrier on April 2, 1949, filed their appeal from the judgment of the superior court of March 19, 1949, reversing the award of the Board of Workmen's Compensation denying compensation, the same was filed within the time allowed by law and the case was properly before this court for decision.

"Generally, when the trial judge certifies a bill of exceptions as true . . his jurisdiction of the case ends." *Blige* v. *State*, 72 *Ga. App.* 438 (33 S. E. 2d, 917). "The Industrial Commission is authorized to review a former judgment rendered by it only when there has been 'a change in condition.' . . Where, since the rendition of the judgment, there has been no change in condition which would authorize its modification, it operates as res judicata." *Teems* v. *American Mutual Liability Ins. Co.*, 41 *Ga. App.* 100 (1) (151 S. E. 826). Thus, neither the superior court nor the Board of Workmen's Compensation had any right, independent of the rights which might accrue as a result of the appeal, to re-adjudicate any of the issues already adjudicated by them, and the case was pending in the Court of Appeals at the time when its decision, holding that the board properly refused compensation in the first instance, was announced. The rulings of this court on a former review of the case, whether correct or incorrect, become the law of the case and are binding as respects the same facts in all subsequent proceedings. *Walker* v. *Rowe*, 41 *Ga. App.* 769 (154 S. E. 722); *Sears, Roebuck & Co.* v. *Moore*, 47 *Ga. App.* 465 (170 S. E. 538); *Northwestern Mutual Life Ins. Co.* v. *Suttles*, 201 *Ga.* 84 (38 S. E. 2d, 786). It is true that the second award of the board of March 28, 1949, in favor of the claimant, pursuant to the order of the superior court of March 19, 1949, was some days before the appeal was actually entered on April 2, 1949, but the employer and its insurance carrier were by law allowed 20 days to file their appeal and, having complied with this law, were entitled to it as a matter of right, and no authority existed either in the superior court or the board to take any proceedings which would deprive them of such right.

The claimant contends that, since the evidence on the original hearing before the board was in conflict, the director would have been authorized to find either for or against the claimant, and that, had he entered an award in favor of the claimant in the first instance that award would have been affirmed by this court. This being so, he contends further that, since the employer and insurance carrier did not, on filing their appeal from the judgment of the superior court of March 19, file a supersedeas, there was nothing to prevent the further proceedings which resulted in an award in favor of the claimant and its affirmance by the superior court during the time this case was pending here. It is true that if there was no supersedeas, there was nothing to prevent the further proceedings before the board and the superior court. The question for determination, therefore, is what effect is to be given them by this court on the second appearance of the case here, for, as has already been seen, the first appeal was a valid proceeding and neither the superior court nor the board had jurisdiction to take any independent action while it was pending unless the failure to get a supersedeas on the first appeal gave them such a right. But the effect of failure to procure a supersedeas in this State is too well settled to admit of any question. In *Ledbetter* v. *Goodroe*, 48 *Ga. App.* 7 (171 S. E. 872) at page 9, it is held as follows: "It is true that, there being no legal supersedeas, 'the pendency of the writ of error in the Supreme Court was no obstacle to proceeding in the trial court with all interlocutory or ancillary matters in all respects as if no writ of error had been sued out.' However, 'What odds does it make that a supersedeas is not obtained? Whether there shall be a supersedeas or not is optional with the party excepting. If he does not do what is necessary to make his bill of exceptions operate as a supersedeas, the other party may go on with the case or not, at his pleasure. If he chooses to go on, he must do so at his peril. Taking the chances of an affirmance, he must run the risk of a reversal; and as by an affirmance he would gain all the ground he passes over, so by a reversal he must lose it all.' *Jordan* v. *Jordan*, 16 *Ga.* 446, 452; *Perkins* v. *Rowland*, [69 *Ga.* 661] supra; *Ryan* v. *Kingsberry* [88 *Ga.* 361 (14 S. E. 596)] supra; *Montgomery* v. *King*, 125 *Ga.* 388, 391 (54 S. E. 135); *Cumberland Fertilizer*

*Co.* v. *Williams*, 146 *Ga.* 27, 29 (90 S. E. 464). 'A remitted judgment of the Supreme Court is to have as much operation and effect in the lower court, when there has been no supersedeas in that court, as when there has been one.' *Jordan* v. *Jordan*, supra." The claimant had a right, no supersedeas having been procured, to have an award entered in his favor by the board, and to have this award affirmed by the superior court, during the pendency of the time for appeal, and the appeal within that time, of the original judgment, but he did so at his peril, counting upon the .appeal then pending in this court to terminate with a decision in his favor. Such a termination would have validated the subsequent proceedings before the board. This court, however, reversed the superior court and affirmed the original award of the Board of Workmen's Compensation finding against the claimant. In consequence thereof, the subsequent proceedings upon which the present appeal is founded were rendered nugatory.

Counsel for the employer and its insurance carrier contend that the judgment was superseded under that part of Code § 114-710 which provides as follows: "In case of an appeal from the decision of the department, said appeal shall operate as a supersedeas, if the employer has complied with the provisions of this Title respecting insurance, and no such employer shall be required to make payment of the award involved in the questions made in the case so appealed, until such questions at issue therein shall have been fully determined in accordance with the provisions of this Title." In support thereof he cites *City of Macon* v. *Whittington*, 170 *Ga.* 612 (154 S. E. 139). Counsel for the claimant contends that this provision of the Code and the *City of Macon* case, supra, construing the same, is not applicable for the reason that such supersedeas is granted under the terms of the Code section only when the employer has complied with the insurance provisions of the Workmen's Compensation Law that where the award of the Workmen's Compensation Board is in favor of the employer there would be nothing for the employer to pay under the terms of the award in any event, and that therefore where an award is in favor of the employer, under a proper .construction of the statute, the appeal would not operate as a supersedeas. It is true that in

the *City of Macon* case the award was in favor of the claimant and the judgment of the superior court affirmed it. Therefore, the employer was doing all the appealing, whereas here the award was in favor of the employer, and, although the superior court reversed it and the appeal to this court was from that judgment, at the time the appeal was taken there was nothing in the judgment from which it was taken that would require the employer to pay. Therefore, if there was a supersedeas under the provisions of Code § 114-710 as contended by the employer and its insurance carrier, the case could not legally proceed pending such appeal. On the other hand, if there was no such supersedeas because the original award was in favor of the employer, as contended by counsel for the claimant, the case, if it proceeded at all on behalf of the claimant, did so at his peril. It follows that it is immaterial whether there was such a supersedeas or not.

The decision in *American Mutual Liability Ins. Co.* v. *Kent*, 197 *Ga.* 733 (30 S. E. 2d, 599), also supports what is here held. In answer to a certified question of this court, the Supreme Court ruled that where the State Board of Workmen's Compensation renders an award denying compensation and the case is appealed to the superior court, the award there being reversed and the case remanded with direction that certain additional evidence be considered, the losing party must, if he wishes to question the validity of the judgment of the superior court, appeal directly therefrom.

The judge of the superior court erred in affirming the award of March 28, 1949, allowing the claimant compensation.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232.)

*Judgment reversed. Sutton, C.J., MacIntyre, P.J., Gardner, Felton and Worrill, JJ., concur.*