39717.   CONTINENTAL   CASUALTY   COMPANY   et   al.
v. BUMP.

DECIDED SEPTEMBER 27, 1962—
REHEARING DENIED NOVEMBER 6, 1962.

*Gambrell, Harlan, Russell, Moye & Richardson, Edward W. Killorin,* for plaintiffs in error.

*Poole, Pearce & Hall, Martin H. Rubin,* contra.

EBERHARDT, Judge. We do not here deal with an appeal from a decision of the board, such as is contemplated in *Code* § 114-710.[1] The time for appeal from the award (or decision of the board) expired 30 days after it was entered. Consequently the bill of exceptions here, assigning error on a judgment of the superior court entered under *Code* § 114-711, did not operate as a supersedeas, as would be the case if we were dealing with an appeal from the award or some decision or determination of the board. See *City of Macon v. Whittington,* 170 Ga. 612 (154 SE 139); *American Mut. Liab. Ins. Co. v. Ellison,* 82 Ga. App. 712 (62 SE2d 656). Cf. *Ingram v. Liberty Mut. Ins. Co.,* 63 Ga. App. 493 (11 SE2d 499); *Chevrolet Division, General Motors Corp. v. Dempsey,* 97 Ga. App. 309 (2) (103 SE2d 81). The application for a determination of whether the employee had experienced a change of condition, filed under *Code Ann.* § 114-709, was pending and a time for hearing thereon had been fixed by the board when this bill of exceptions to the judgment of the superior court was filed. The hearing was held, and when a certified copy of the order of the board thereafter made was presented to the superior court, it was required, under the

---

[1]The applicable portion of this statute reads: "In case of an appeal from the decision of the Board, said appeal shall operate as a supersedeas, if the employer has complied with the provisions of this Title respecting insurance, and no such employer shall be required to make payment of the award involved in the questions made in the case so appealed, until such questions at issue therein shall have been fully determined in accordance with the provisions of this Title."

terms of *Code* § 114-711,[2] to enter a second judgment vacating that to which this bill of exceptions was taken.

Thus the posture of the case is that the defendants now have in the superior court all of the relief that they could ask for here. The correctness of the first judgment of the superior court "simply becomes moot and a reversal would not benefit the plaintiff in error." *Gillon v. Johns,* 105 Ga. App. 599, 600 (125 SE2d 70) and citations.

The propriety of the second judgment is not now before us.

Since the action of plaintiff in error in obtaining the second judgment has rendered the questions made in this bill of exceptions moot, the costs on appeal are taxed against it. *Gillon v. Johns,* 105 Ga. App. 599, supra.

*Writ of error dismissed. Carlisle, P. J., and Russell, J., concur.*

On Motion for Rehearing.

Defendant in error (claimant) as a part of his motion for rehearing also filed a suggestion of diminution of the record and along with it a certified copy of a supersedeas bond filed by the plaintiff in error on May 14, 1962, (one day after the bill of exceptions was certified) together with the clerk's certificate that all costs had been paid. He contends that this supersedeas divested the lower court of jurisdiction to enter the second order referred to in the main opinion.

However valid this contention may appear to be, it will not withstand a close examination of the cases and the applicable statute. It is true that once there is a compliance with the requirement of *Code* § 6-1002 as was done by plaintiff in error here, the supersedeas is automatic (i.e., arises by operation of

---

[2]Providing, inter alia, that: "Upon presentation to the court of a certified copy of a decision of the Board ending, diminishing or increasing a weekly payment under the provisions of this Title, *particularly of section* 114-709, the court *shall* revoke or modify the [original] order or decree to conform to such decision of the Board." (Emphasis added). This statutory provision creates an exception to the rule that a judgment may not be vacated or modified after expiration of the term of the court during which it was entered.

law) and does not require a further order of the court. *Campbell v. Gormley,* 185 Ga. 65 (194 SE 177).

The cases are not clearly definitive as to whether a supersedeas merely "suspends the enforcement" of the judgment excepted to (*Barnett v. Strain,* 153 Ga. 43 (1), 111 SE 574, and citations; *West v. Gainesville Bank,* 158 Ga. 640, 641, 123 SE 870; *Tanner v. Wilson,* 184 Ga. 628, 633-637, 192 SE 425, and citations; *Campbell v. Gormley,* 185 Ga. 65, 66, supra) or makes further action by the trial court "coram non judice and void."[3] *Pryor v. Pryor,* 164 Ga. 7 (1) (137 SE 567) and citations; *Tanner v. Wilson,* 184 Ga. 628, supra. See *Board of Commissioners v. Municipal Sec. Corp.,* 161 Ga. 634 (1) (131 SE 495). A further distinction has been suggested between a case still to be tried (e.g., overruling of general demurrer appealed) and one that "has been tried, and is no longer pending in the trial court . . ." (e.g., overruled motion for new trial appealed) *Kiser v. Kiser,* 214 Ga. 849, 852 (108 SE2d 265); *Forrester v. Pullman Co.,* 66 Ga. App. 745 (19 SE2d 330); *Southeastern Wholesale Furniture Co. v. Atlanta Metallic Casket Co.,* 84 Ga. App. 271 (1) (66 SE2d 68); *Wood v. Delta Ins. Co.,* 101 Ga. App. 720 (2) (114 SE2d 883). Regardless of these cases, we think the answer lies in that portion of *Code* § 114-711 quoted in the main opinion at footnote 2. The mandatory language ("shall") of that section clearly provides authority for the superior court to enter the second order.

*Motion for rehearing denied.*

---

[3] The breath of this pronouncement when measured by the facts of the cases appears to be unwarranted. However, cases of both types refer to "lack of jurisdiction" in the lower court.