## 69197. BROWN v. THE STATE.
(326 SE2d 2)

POPE, Judge.

Appellant appeals from a jury verdict convicting him of the offense of cruelty to a child as defined by OCGA § 16-5-70 (b). Appellant enumerates as error the trial court's denial of his motion for directed verdict of acquittal. He also raises the general grounds.

The record reveals that the following evidence was presented by

the State. Appellant regularly babysat for 49-day-old Christopher Walters under an arrangement with the infant's mother whereby appellant took care of her three children in return for his room and board. On the evening of July 21, 1983, while babysitting for Christopher, appellant took the infant with him to visit his friend, Ms. Dodd, at her apartment. While there Christopher began to cry. Efforts to stop his crying were unsuccessful and this aggravated appellant. While Ms. Dodd was in another room, the femur of Christopher's left leg was fractured. Appellant told Ms. Dodd that he had inadvertently sat upon the child's leg and he feared it was broken. Appellant then went to a neighbor's apartment to use the telephone to attempt to reach the child's mother. Unable to contact her, he told the neighbor that he ought to just throw the baby away.

Appellant and Ms. Dodd took the baby to a hospital where his injury was diagnosed by Dr. Shah as a long spiral fracture of the left femur. Dr. Shah testified that such a fracture was usually caused by a twisting force and that sitting on the leg would not have caused that type of fracture. In his statement to police, appellant stated that the injury occurred when he pulled the child toward him by the leg to change his diaper. Dr. Shah testified that pulling the child toward him by the leg must have been accompanied by a twisting action to inflict a long spiral fracture. Further, a child's bones are less fragile than those of adults and the same type of injury sustained by an older adult which results in a fracture will usually produce a contusion in a small child or infant.

After his motion for directed verdict of acquittal was denied, appellant testified in his own behalf as follows: "I think I got agitated or frustrated, I don't know. I can't describe the feeling, but it happened in a flash. I grabbed the baby; I pulled and twisted the leg as I was picking it up; but it happened so quick I didn't have time to control it. It was over before I knew it. So, I put the baby, gently put the baby down and moved the leg to see if it was broken. I wasn't sure, but the baby started crying."

Although appellant asserts that the conviction was based upon purely circumstantial evidence, we disagree. There is no question that the infant's injury was caused by appellant. The only question left for the jury was whether the element of intent was established. "Intention may be manifest by the circumstances connected with the perpetration of the offense." *Schwerdtfeger v. State*, 167 Ga. App. 19, 20 (305 SE2d 834) (1983). The jury was authorized to find criminal intention "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. We note also that the jury was thoroughly instructed on the meaning of criminal intent, as well as the principles of reasonable doubt, circumstantial evidence, credibil-

ity of witnesses, and accident.

In this case the evidence was sufficient to authorize the jury to find appellant guilty of maliciously causing physical pain to the child, Christopher Walters, by twisting his leg which resulted in its fracture. See OCGA § 16-5-70 (b). Our review of the record convinces us that the verdict is not insupportable as a matter of law and that any rational trier of fact could have found guilt beyond a reasonable doubt. See *Brewer v. State*, 156 Ga. App. 468 (2) (274 SE2d 817) (1980). Thus, the trial court did not err in denying appellant's motion for directed verdict of acquittal (see generally *Bethay v. State*, 235 Ga. 371 (1) (219 SE2d 743) (1975)), and appellant's enumeration of error challenging the sufficiency of the evidence to support the verdict has no merit.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 10, 1985.

*Joseph M. McLaughlin, Michael C. Clark*, for appellant.
*W. Bryant Huff, District Attorney, Daniel J. Porter, Assistant District Attorney*, for appellee.