### 69577. HOWARD v. THE STATE.
(327 SE2d 554)

POPE, Judge.

After a trial by jury, appellant was convicted of one count of aggravated battery and two counts of aggravated assault.

1. In his first enumeration of error, appellant raises the general grounds. The State's evidence shows the following: On March 8, 1983 Richard Barnes was a passenger in a car driven by Dwayne Wilkerson which was stopped at a stoplight. Appellant pulled up behind Wilkerson's car. Barnes was acquainted with appellant, but there was a history of hostility between them. Appellant came up to Wilkerson's car, pointed a shotgun at the occupants and fired, breaking out the windshield and passenger window. Both Wilkerson and Barnes were hit. Barnes fled the car and was shot again in the leg. In another blast hitting Barnes, appellant also shot a bystander, W. S. Cummings, wounding him in the abdomen, hands and arm. As a result of the gunshot wound, Barnes' lower leg was amputated.

"We find the evidence sufficient to support the verdict. The weight of the evidence and credibility of witnesses are questions for the triers of fact." *Anthony v. State*, 169 Ga. App. 777 (315 SE2d 290) (1984). The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of aggravated assault in the shootings of Wilkerson and Cummings and aggravated battery in the wounding of Barnes' leg resulting in its amputation. See OCGA §§ 16-5-21 (a) (2); 16-5-24 (a); *McKenzie v. State*, 248 Ga. 294 (1) (282 SE2d 95) (1981); *Bentley v. State*, 131 Ga. App. 425 (5) (205 SE2d 904) (1974).

2. Appellant also assigns error to the trial court's charge to the jury on the principle of reasonable doubt. While we have reviewed the charge as a whole and find it adequate, we need not address appellant's contrary assertions because any objection to the charge has been waived. " 'The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. [Cits.] The right to raise an erroneous charge on appeal may be lost only in certain well-defined instances, as where [such as here] defense counsel in response to an inquiry by the trial judge plainly states that he has no objections to the charge as given. (Cit.)' [Cit.] '(A)ny rights available to a criminal defendant under

(OCGA § 5-5-24 (a) [Cit.]) are waived when defense counsel states he has no objections to the charge . . . .' [Cit.]" *Bivins v. State*, 166 Ga. App. 580 (1) (305 SE2d 29) (1983). Appellant waived his right to object to this portion of the court's charge by responding to the trial court's inquiry that he had no objections to the charge. See *Devoe v. State*, 249 Ga. 499 (292 SE2d 72) (1982); *Woody v. State*, 166 Ga. App. 666 (3) (305 SE2d 365) (1983).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985.

Kenneth D. Feldman, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Howard Goldstein, Margaret V. Lines, Assistant District Attorneys, for appellee.