## 70513. ROBINSON v. THE STATE.
(334 SE2d 886)

Benham, Judge.

After a jury trial appellant was convicted of two violations of the Georgia Controlled Substances Act. He brings this appeal citing five enumerations of error. We affirm.

1. Appellant's first enumeration questions the portion of the jury charge in which the trial court instructed the jurors that a verdict of guilty would be authorized on each count if they found beyond a reasonable doubt "that the defendant on trial in Rabun County, Ga. at anytime within four years prior to the date of the filing of this indictment, did sell any quantity of cocaine as charged in this indictment . . ." This enumeration is without merit. "It is well settled in Georgia law that 'evidence of guilt is not restricted to the day mentioned in the indictment; but may extend to any day previous to the finding of the bill and within the statute of limitation for the prosecution of the offense.' [Cits.]" *Carpenter v. State*, 167 Ga. App. 634 (9) (307 SE2d 19) (1983).

2. Appellant next assigns as error the trial court's admission of testimony by a prosecution witness that appellant had introduced a drug to the witness' wife. The witness' answer was in response to the question, "What was your reason for wanting to help the officers?" Appellant's counsel objected to the testimony by saying, "Your

Honor, I'm going to move that that be stricken without some supported testimony for his basis." The trial court overruled the objection, and we agree. "Objection on the ground of a lack of proper foundation without stating what the proper foundation should be is insufficient and presents nothing for consideration on appeal. [Cits.]" *Newman v. State*, 239 Ga. 329, 330 (236 SE2d 673) (1977). Appellant also claims that the testimony tended to place his character in issue. However, his failure to raise that specific objection at trial constitutes a waiver. *Seabrooks v. State*, 251 Ga. 564 (1) (308 SE2d 160) (1983).

3. Appellant complains that the trial court's denial of his motion for continuance constitutes reversible error because he was not represented by counsel at all times, and was thereby denied the opportunity to test and inspect the drugs in question and to compel witnesses to attend trial. The record indicates that appellant was represented by counsel from April 1983, shortly after his arrest, through the trial date. The fact that appellant was represented by different attorneys at various times within that period was due to his decision to change attorneys, and the court need not accommodate him in that regard. See *Standridge v. State*, 158 Ga. App. 482 (2) (280 SE2d 850) (1981). The record also indicates that there was one witness, who was medically incapacitated, that appellant claimed he needed for trial. However, appellant made no showing that the missing witness' testimony would be of probative value, thus obviating the need for a continuance. See *Oliver v. State*, 146 Ga. App. 798 (1) (247 SE2d 487) (1978).

As for the motion to inspect the drugs, it was not made until the day of trial; therefore, the trial court did not err in denying the motion as being untimely. See *Patterson v. State*, 238 Ga. 204 (232 SE2d 233) (1977).

4. The last enumeration calls into question the trial court's failure to charge on circumstantial evidence. We reject this assertion of error. Appellant did not request a charge on circumstantial evidence at trial, nor did he object to the trial court's failure to so charge when the court inquired whether he had further objections to the charge as given. Accordingly, he waived his right to assert error at this juncture. *Scott v. State*, 250 Ga. 195 (1c) (297 SE2d 18) (1982). Moreover, the court was not required to charge the jury on circumstantial evidence, even absent a request, there being direct, unimpeached evidence of the crime. *Walker v. State*, 162 Ga. App. 173 (2) (290 SE2d 502) (1982).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 6, 1985.

*John M. Brown*, for appellant.

*Michael Crawford, District Attorney*, for appellee.