## 72087. DANIEL v. THE STATE.
### (345 SE2d 143)

CARLEY, Judge.

Appellant was indicted for the offense of cruelty to children in

violation of OCGA § 16-5-70 (b). A trial before a jury resulted in a verdict of guilty. Appellant appeals from the judgment of conviction entered on the guilty verdict.

1. Appellant enumerates the general grounds. Evidence adduced at trial would authorize the jury to find as follows:

On May 23, 1984, two-year-old Michael Casto (Michael) was admitted to a hospital. There was a pattern of superficial skin lesions on his buttocks. The admitting physician also noted a large bruise on the youngster's forehead, a deep laceration on his lip, and smaller bruises all about his face and head. Another doctor who examined and treated Michael testified that it was his expert opinion that the child's injuries were consistent with child abuse.

At the hospital, appellant admitted that he had spanked Michael on the buttocks with a leather knife sheath which was bound with metal rivets, and that this had caused the bruising on the child's bottom. Appellant later made substantially the same admissions in a handwritten statement which was admitted at trial without objection. With respect to the child's facial cuts and bruises, appellant testified that they were the result of a fall. The treating physician testified, however, that the injuries to Michael's face were too well distributed to be the result of a single fall. The doctor further noted that there was an absence of other injuries, as to the elbows or knees, which might indicate a fall. The State introduced photographs which tended to show similarities between the injuries on the child's face and those on his buttocks.

Appellant urges that there is a lack of evidence that he "maliciously cause[d] . . . cruel or excessive physical or mental pain." OCGA § 16-5-70 (b). This contention is based upon appellant's assertions that he did not mean to hurt the child. Intent, however, is a question of fact to be determined upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. OCGA § 16-2-6. "Intention" " 'does not mean an intention to violate a penal statute but an intention to commit the act prohibited thereby.' [Cit.]" *Thomas v. State*, 176 Ga. App. 771, 773 (337 SE2d 344) (1985). " 'Intention may be manifest by the circumstances connected with the perpetration of the offense.' [Cit.]" *Brown v. State*, 173 Ga. App. 264, 265 (326 SE2d 2) (1985). "[T]he jury was authorized in this case in finding as no excuse the appellant's statement that [he] did not mean to do what [he] did." *McGahee v. State*, 170 Ga. App. 227 (316 SE2d 832) (1) (1984). Clearly there was evidence from which a rational trier of fact could find appellant guilty beyond a reasonable doubt of the crime charged. *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Lee v. State*, 247 Ga. 411 (276 SE2d 590) (1981). We find no error.

2. Appellant urges that he should be granted a new trial on the ground of ineffective assistance of counsel. Appellant was the only witness in his defense. The claim of ineffective assistance is based upon appellant's contention that trial counsel should have called other competent witnesses, including Michael's mother, who would have testified that the spanking was justified or who otherwise might have supported his version of the events.

The record shows that, at a pre-trial hearing, the State apprised appellant's counsel of certain impeachment evidence which would be used against Michael's mother and others if they were called as witnesses for appellant. Under these circumstances, it is clear that appellant's counsel made such tactical decisions as were properly within his province when he elected not to call Michael's mother or other possible witnesses. See generally *Reid v. State*, 235 Ga. 378 (219 SE2d 740) (1975). "We . . . conclude, viewing the totality of circumstances from the attorney's perspective at the time of trial, that the attorney's conduct was both effective and reasonable." *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985). Appellant was not denied effective assistance of counsel. See *Brogdon v. State*, supra; *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985).

3. Appellant urges that it was error for the trial court to ask certain questions of the witnesses. At trial, however, no objection was raised to the trial court's questions. *State v. Griffin*, 240 Ga. 470 (241 SE2d 230) (1978). Moreover, the trial court may "propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case." *Eubanks v. State*, 240 Ga. 544, 547 (242 SE2d 41) (1978). Applying this standard, it does not appear that the trial court's questioning was improper.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 8, 1986.

*M. Gene Gouge*, for appellant.
*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.