72518. PHELPS v. THE STATE.
(348 SE2d 505)

BIRDSONG, Presiding Judge.

Lloyd Donald Phelps was convicted of statutory rape and incest upon his twelve-year-old granddaughter. The two crimes arising out of the same incident, the trial court sentenced Phelps to twenty years (five to serve and fifteen on probation) on the incest charge alone. Phelps brings this appeal enumerating three asserted errors. *Held*:

In one of the three enumerations, Phelps contends there was insufficient evidence of penetration to support the crimes of rape and incest. In the other two enumerations, he argues an insufficiency of evidence to support venue in Dougherty County and to show the crime occurred within four years of indictment. Suffice it to say, we have scrutinized the record with care and find sufficient evidence to support the finding of penetration in the testimony of the 12-year-old victim. *Baker v. State*, 245 Ga. 657, 664 (5) (266 SE2d 477).

However, the issues of venue and limitations are not so easily answered. The State alleged Phelps committed the act of sexual intercourse with his granddaughter in a house located in Dougherty County on May 22, 1985. This transcript is replete with evidence of sexual transgressions by Phelps committed upon his two daughters as well as upon most of his female descendants extending over a period of approximately 25 years and occurring in several different counties. The testimony of the victim established that she guessed she lived next door to her grandfather on May 22, 1985. She had lived in that house all her life. On many occasions, she had been alone in "the" house with her grandfather. At unspecified times her grandfather had sexually molested her and on at least several unspecified occasions, he

had engaged in sexual intercourse with her. She testified that he had been doing these things for "months." As to which months or years during her twelve years of existence these things occurred, her testimony is silent. On cross-examination, the victim stated she was not sure when "that" (whatever "that" may be) happened nor was she sure when "all" happened. Additionally, the victim made a statement to a police officer but we are not made privy to when such a statement was made. Thus at best, the victim's evidence shows that in a house (location unspecified) sometime during her twelve years of life, she had been sexually molested by her grandfather.

The State however fills the missing gap as to the crime occurring within four years of the trial and as to its location within Dougherty County by the evidence of other witnesses. An older sister (fifteen) established molestation well within the four-year period and as occurring in Dougherty County. The State offered this evidence to show both venue and timeliness as to the younger sister (the alleged victim) because the molestation of the older sister and an attempted molestation (not amounting to rape or incest) of the younger sister occurred during the same time frame. This witness testified that her grandfather had lived next door in Dougherty County for about a month before the incident involving her younger sister happened. Approximately a week earlier, her grandfather had molested her. Other witnesses testified to specific events, occurring at a particular place and time but none of these events was connected to the crime alleged to have been committed against the twelve-year-old victim. The State offered evidence that Phelps had been in jail since June 1985, presumptively upon the charge involved in this case. The State offered evidence that the victim made a recent statement to a police officer. In short while the evidence is vague, there is some evidence to connect the alleged crime of incest to Dougherty County and to a period somewhere between the date of the indictment and the four years preceding the date of the commission of the crime. The most reasonable assumption is that the crime of incest occurred in one of two houses in Dougherty County shortly prior to Phelps' incarceration in June 1985.

Evidence of venue, though slight, is sufficient in the absence of conflicting evidence. *Loftin v. State*, 230 Ga. 92, 93 (195 SE2d 402); *Carter v. State*, 137 Ga. App. 824, 826 (4) (225 SE2d 73). Likewise, some evidence that the crime was committed at a time within the four years preceding the indictment even if not on the date alleged is sufficient. *Gravitt v. State*, 220 Ga. 781 (2) (141 SE2d 893); *Herrin v. State*, 138 Ga. App. 729, 730 (227 SE2d 498). The evidence in this case, though slight, is sufficient to withstand a demand for reversal or new trial.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

26

DECIDED JULY 16, 1986 —
REHEARING DENIED JULY 29, 1986

*John L. Tracey*, for appellant.

*Hobart M. Hind*, District Attorney, *Nancy T. Smith*, Assistant District Attorney, for appellee.