## 73475. BONNER v. THE STATE.
(355 SE2d 91)

BEASLEY, Judge.

Bonner filed a notice of appeal from "the judgment of conviction and sentence entered herein on June 24, 1986." She had pled guilty on January 21 to burglary (OCGA § 16-7-1) and had been sentenced to probation with mental health treatment. Pursuant to a petition for revocation, the court on June 26 ordered that probation be revoked only if defendant could not be placed in Central State Hospital or a group home for the mentally ill. Appellant's complaint is that the trial court erred in denying her "motion in arrest of judgment." We must expand upon the procedural history for proper disposition of this appeal.

Bonner was indicted for burglary during the October 1985 term. On October 10, Bonner's attorney, Baldwin, filed a motion for a psychiatric evaluation which was granted by the trial court although the court's order was not filed until February 5, 1986. Meanwhile, on January 21, Bonner entered a negotiated plea of guilty to the burglary charge. She was sentenced on January 22 to eight years on probation. At no time during the plea or sentencing did defendant raise any question of mental incapacity to commit the crime, confer with her attorney, or enter the plea. She was represented at the plea and sentencing proceeding by another lawyer with the firm that Baldwin had been associated with.

On June 11, the state petitioned for revocation of probation on the basis that Bonner had committed the offense of kidnapping in January. On March 20, prior to the filing of the revocation petition but after defendant was aware that revocation of probation was sought, a special plea of mental incompetence was filed in the revocation proceeding, as was a motion for psychiatric evaluation by a private psychiatrist and a motion in arrest of judgment. The latter

claimed that on October 10, Bonner had filed "what was in substance a special plea of mental incompetence to stand trial"; that as a result the court ordered that defendant was to undergo a psychiatric evaluation; that when she entered her plea of guilty to the burglary charge, she had not received the evaluation; and that the failure to obtain the evaluation prior to acceptance of the guilty plea violated Bonner's right to due process of law.

After a hearing on the revocation petition at which Baldwin again represented Bonner and at which the court considered extensive evidence including two psychiatric evaluations, the court concluded that Bonner had violated her probation and on June 26 entered the orders on the revocation petition described above.

At the start of the hearing, Baldwin brought to the court's attention the matter of "a motion to set aside the judgment on which this probation was based" which matter had apparently been heard earlier by another judge and not ruled upon. The defense explained that it did not restipulate the motion or try to raise it again before the court prior to the revocation proceeding, because it appeared that the state was not going to pursue the revocation but rather would proceed on the new charges. The court indicated it would "hear it all at once."

At the conclusion of the hearing, the court orally pronounced findings including the determination that there was no evidence presented on the "motion in arrest of judgment" to show that Bonner was incompetent to enter her guilty plea to the burglary and therefore the court denied the motion. The present record contains no written order denying such motion.

Even overlooking the errors in the notice of appeal, Bonner's complaint was not properly made through a motion in arrest of judgment, inasmuch as there is no contention of a "defect not amendable appearing on the face of the record or pleadings." OCGA § 17-9-61 (a).

What is more, no written order was entered in regard to the subject motion. "There can be no appeal from an oral announcement that a judgment will be rendered, since no judgment is effective until it is signed by the judge and filed with the clerk." *Crowell v. State*, 234 Ga. 313 (215 SE2d 685) (1975). OCGA § 9-11-58; *Addis v. First Kingston Corp.*, 225 Ga. 231 (1) (167 SE2d 656) (1969).

The only appealable order or judgment before us is that on the probation revocation matter, and such is appealable only as a matter of appellate discretion. OCGA § 5-6-35 (a) (5).

This appeal must be dismissed as there is nothing properly before us for review on direct appeal.

*Appeal dismissed. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 12, 1987.

W. Kerry Baldwin, for appellant.

Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney, for appellee.