## 74212. In re J. B.
(358 SE2d 620)

Pope, Judge.

A delinquency petition was filed in the Juvenile Court of Fulton County alleging that the appellant, a juvenile, had committed three acts of child molestation. The court found him to be delinquent and in need of treatment and rehabilitation, and placed him on probation, from which he appeals.

1. Appellant contends that the State presented no evidence to prove beyond a reasonable doubt that the delinquent conduct occurred in Fulton County so as to establish proper venue under OCGA § 15-11-15. The evidence showed that the acts took place in appellant's home, and the complaint alleged that the appellant lived with his mother at "2980 Jonesboro Road # 54 Atl. Ful. Co. Ga." The delinquency petition further referred to that address as being in Fulton County, Georgia. There was no evidence that the address was located in any other county, nor did appellant or his counsel so allege. "Evidence of venue, though slight, is sufficient in the absence of conflicting evidence. [Cits.]" *Phelps v. State*, 180 Ga. App. 24, 25 (348 SE2d 505) (1986). Accord *Ludden v. State*, 176 Ga. App. 109 (3) (335 SE2d 428) (1985).

2. Appellant asserts that the petition should be dismissed because the hearing thereon was not held within 60 days of its filing as mandated by OCGA § 15-11-26 (a). See also *J. T. G. v. State of Ga.*, 141 Ga. App. 184 (233 SE2d 40) (1977). The record shows that the petition was filed on May 7, 1986 and the matter was scheduled for hearing on June 24, 1986. On that date the court found that appellant's case could not be reached and issued an order continuing the hearing until August 19, 1986. The statute requires only that a hearing date be set within 60 days and this was done, thus satisfying the essential requirement of the law. Cf. *P. L. A. v. State of Ga.*, 172 Ga. App. 820 (2) (324 SE2d 781) (1984); *J. B. v. State of Ga.*, 171 Ga. App. 373 (2) (319 SE2d 465) (1984). "[I]f the party does not enter an objection during the course of the trial he will not be heard to complain on appeal, and, if a hearing is set within the statutory time limit, the court may in its discretion grant a continuance." *Sanchez v. Walker County DFACS*, 237 Ga. 406, 408 (229 SE2d 66) (1976). We find no abuse of discretion here.

3. Nor do we agree that the portion of the order continuing the hearing which also enjoined the appellant from threatening or harassing any of the victims or witnesses in the case until further order amounted to a prior and unwarranted restraint on appellant's freedom of speech and his right to investigate the charges against him. It appears from the transcript of the June 24 hearing that the appellant had threatened these little girls, and the juvenile court judge would

have been authorized under OCGA § 15-11-26 (d) to take appellant into custody. She explained this to appellant, and stated that if he violated the order he would be put in the detention facility, and that she was acting "to maintain the peace in the community and permit witnesses who have legitimate complaints against alleged perpetrators, to have the freedom of airing out in court what those complaints are without anybody threatening them or hushing them up in any way or by any means whatsoever." We find no merit to defendant's arguments that the court's order violated his right to free speech or would impede investigation by defense counsel; accordingly, this enumeration is without merit.

4. Appellant complains that the court allowed one of the victims and her mother to testify improperly over his hearsay objection as to what another victim, who was not present at the hearing, had told them concerning her molestation by appellant. The transcript of this testimony shows that the victim told the other victim immediately after she was molested; that the second victim was then molested; and that she immediately went and told her mother about both incidents and the mother called the police. The court permitted the testimony as an outcry by the victim and thus admissible as part of the *res gestae*. OCGA § 24-3-3. "[A] trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered . . . will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982); *Kilgore v. State*, 177 Ga. App. 656 (2) (340 SE2d 640) (1986); *Millwood v. State*, 174 Ga. App. 113 (2) (329 SE2d 273) (1985). We find no grounds for reversal. See also *Lynn v. State*, 181 Ga. App. 461 (2) (352 SE2d 602) (1986).

5. Appellant's contention that no evidence was presented as to when the alleged acts were committed so as to establish that they were within the four-year statute of limitation (OCGA § 17-3-1 (c)) is likewise without merit. The witnesses' testimony established that the events occurred in mid-April of 1986. All that had to be proved was that the crimes were committed within four years prior to the date of filing the delinquency petition on May 7, 1986. See *Phelps*, supra; *Robinson v. State*, 175 Ga. App. 845 (1) (334 SE2d 886) (1985).

6. Appellant's final enumeration of error is that there was insufficient evidence to prove child molestation, as defined by OCGA § 16-6-4 (a), specifically in regard to his intent to arouse or satisfy his sexual desires. "Intent, however, is a question of fact to be determined upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. OCGA § 16-2-6." *Daniel v. State*, 179 Ga. App. 54, 55 (1) (345 SE2d 143) (1986). The evidence showed here that appellant ordered the young girls to come into his room where he fondled them under

their clothing in the genital area. From these facts it can be inferred that the appellant committed those acts in order to satisfy his own sexual desires. This was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant had committed the offense of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bentley v. State*, 179 Ga. App. 287 (1) (346 SE2d 98) (1986); *Daniel*, supra.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 22, 1987 —
REHEARING DENIED JUNE 5, 1987 — 

*Douglas R. X. Padgett*, for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney*, for appellee.