73668. SHARP v. THE STATE.
(360 SE2d 50)

BEASLEY, Judge.

1. Appellant was convicted on February 19, 1986, of cruelty to children (OCGA § 16-5-70), and sentenced on May 15. The court allowed her to file an extraordinary motion for new trial (OCGA § 5-5-41), but after conducting a hearing, denied the motion in an order filed September 17. On September 9, appellant filed a notice of appeal from the judgment of conviction and sentence in which she stated that the "motion for new trial was filed and overruled . . . on or about August 28, 1986."

Thus the notice of appeal was filed prematurely. We review the case on its merits rather than dismiss it, in accordance with *Gillen v. Bostick*, 234 Ga. 308 (1) (215 SE2d 676) (1975) and *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984). The same approach was compelled in *LeGallienne v. State*, 180 Ga. App. 108 (3) (348 SE2d 471) (1986). But we do so reluctantly because the procedure followed was erroneous and not in accordance with statutory command. While it is true that at the outset of the Appellate Practice Act the legislature stated that it is to be "liberally construed," it expressly provided a caveat: "except as may be specifically referred to in this article." OCGA § 5-6-30.

"This article" includes OCGA § 5-6-38, which clearly and unambiguously sets forth that "notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained

of; . . ." Proper and timely filing of the notice of appeal has been considered so significant that it is required to confer jurisdiction. *Barthell v. State*, 174 Ga. App. 459 (330 SE2d 180) (1985). That itself was recognized in *Gillen*, supra, which superseded the statute and modified the concept to some degree, and in *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978). The legislature's policy of allowing "liberal construction" by the courts does not give license to the courts to change the meaning of what is plain. *Mullins v. First Gen. Ins. Co.*, 253 Ga. 486, 487 (322 SE2d 265) (1984); *Anderson v. Cooper*, 214 Ga. 164, 166 (104 SE2d 90) (1958).

Nor is there any reason to depart from what is mandated. Orderly procedure is part of due process. It is elementary that an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk. OCGA § 5-6-31, and *Bishop v. State*, 176 Ga. App. 357, 358 (335 SE2d 742) (1985); OCGA § 9-11-58, and *Crowell v. State*, 234 Ga. 313 (215 SE2d 685) (1975). This constitutes "entry." Ibid. And it is only an "entered" decision or judgment which is appealable. OCGA § 5-6-38 (a).

Here we have an appeal attempted from a decision "on or about August 28. . . ." That was the date set for hearing on the motion. In so designating the notice of appeal, appellant patently admits not checking whether and when an order was entered, which is a simple matter. It is not "a trap for the inexperienced," a dark description fashioned by the Fifth Circuit Court of Appeals and apparently adopted by the Georgia Supreme Court in a quotation in *Gillen*, supra at 311. It is merely a matter of assuring that there is an appealable judgment before the whole appeal process is started, alerting the opponent and the court to take appropriate action, and that the judgment or order which appellant wishes appellate review of has been entered and thus is reviewable. For all the appellant here knew when she filed the premature notice of appeal without ascertaining that she then had a right to do so, the matter was still pending before the trial court, which in fact it was. Yet all it took to be procedurally correct, insofar as the statute is concerned, was to follow the straightforward, one-step procedure set out in OCGA § 5-6-38, which has been the law for over twenty years.

The result, if appellate procedure were to be correctly followed, would be to leave in abeyance an appeal and review a later-entered order on the motion for new trial. Filing the notice of appeal acts as supersedeas in certain cases, OCGA § 5-6-45, depriving a trial court of jurisdiction to take further action to enforce and carry into effect the appealed from judgment. *Campbell v. Gormley*, 185 Ga. 65, 66 (1) (194 SE 177) (1937); *Tyree v. Jackson*, 226 Ga. 642 (177 SE2d 159) (1970); *Arnold v. State*, 163 Ga. App. 94, 96 (6) (292 SE2d 891) (1982).

2. Appellant complains that the trial court erred in allowing Dr. Robert Guiness and Jeff Scheible to testify as expert witnesses regarding the victim's injuries being the result of abuse. Both witnesses were questioned about their training and experience before their opinions were elicited, and appellant did not object. We will not consider these objections raised for the first time on appeal. *Mosley v. State*, 157 Ga. App. 578 (2) (278 SE2d 154) (1981).

3. Appellant argues that the court erred in allowing a social worker to testify that "in her opinion the spanking and subsequent injuries [the victim] received were done maliciously." It was appellant who first attempted to elicit from the witness the response about which she now complains. On cross-examination, counsel for appellant asked the witness: "In that regard then, would you say [appellant] acted maliciously?" The witness responded that she did not feel that she was able to answer. On re-direct examination, the state asked a more factually specific question about appellant's behavior, and the witness responded that in her opinion the specific behavior was malicious. Appellant did not object but now claims prejudice and harm. Having opened the door to the line of inquiry, she is estopped. "Asserted prejudice based upon induced error is impermissible. [Cit.]" *Keri v. State*, 179 Ga. App. 664, 667 (347 SE2d 236) (1986).

4. Appellant contends the trial court erred in allowing evidence of similar transactions in violation of Rule 31.3 of the Uniform Rules for the Superior Courts (253 Ga. 801) (1985). She also alleges error in the court's failure to give a limiting instruction regarding the introduction of those transactions.

Appellant admits that she did not object but contends that the rule-provided procedure cannot be waived by a defendant through a failure to object. To the contrary, and thus she cannot raise the issue now. *Mosley v. State*, supra.

As for the jury instruction, appellant waived her right to complain on appeal when the court asked whether there were any objections to the charge and her counsel responded that there were none. *Howard v. State*, 173 Ga. App. 585 (2) (327 SE2d 554) (1985). Nor do we find substantial error as defined in OCGA § 5-5-24 (c).

5. Since appellant challenges the overruling of her motion for directed verdict, we have reviewed the record in light of the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

The social worker testified that appellant had admitted spanking the victim with a belt on the occasion in question and beating him on other occasions in the past year. She also testified that the victim, a seven-year-old boy, had described the belt and had drawn a picture of it. Testimony and photographs of the victim's condition after the

beating were in evidence. The victim did not testify, but appellant testified that she had beaten him.

Although appellant contends that the social worker's testimony was inadmissible hearsay, it was not. Recounting appellant's statement to her constituted an admission which the jury was authorized to consider. *Stephens v. State*, 127 Ga. App. 416 (1) (193 SE2d 870) (1972). Moreover, on cross-examination of another witness, appellant's counsel pursued the same line of questioning, thereby preventing an assertion of error. See Division 2.

The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of cruelty to children. Consequently, the court did not err in overruling appellant's motion for a directed verdict of acquittal. OCGA §§ 16-5-70; 17-9-1; *Jackson v. Virginia*, supra; *Daniel v. State*, 179 Ga. App. 54 (1) (345 SE2d 143) (1986).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., and Carley, J., concur. McMurray, P. J., Pope and Benham, JJ., concur specially. Sognier, J., concurs in the judgment only.*

BENHAM, Judge, concurring specially.

I concur fully with Divisions 2 through 5 and with Division 1 of the majority opinion insofar as it holds that despite appellant's premature filing of her notice of appeal, we should review the case on its merits in accordance with *Gillen v. Bostick*, 234 Ga. 308 (1) (215 SE2d 676) (1975); *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984); and *LeGallienne v. State*, 180 Ga. App. 108 (3) (348 SE2d 471) (1986). However, to maintain the consistency of our opinions with regard to this issue, I would overrule *Boothe v. State*, 178 Ga. App. 22 (342 SE2d 9) (1986), in which this court dismissed a prematurely filed appeal based on the reasoning overruled in *Gillen v. Bostick*, supra. The approach of reviewing criminal appeals on the merits whenever possible is also in keeping with the spirit of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985).

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this special concurrence.

DECIDED JULY 13, 1987.

*J. Stephen Schuster*, for appellant.

*Thomas J. Charron, District Attorney, Nicolette S. Templer, Nancy I. Jordan, Assistant District Attorneys*, for appellee.