## A01A1709. DEAN v. THE STATE.
(555 SE2d 868)

MIKELL, Judge.

Michael Lorenzo Dean was convicted of three counts of child molestation by a Gordon County jury. Dean was sentenced to 20 years, 15 of which he was ordered to serve in confinement, with the remainder on probation. On appeal, Dean argues that the verdict is contrary to the weight of the evidence. He also asserts as error the state's failure to establish the standard of proof for its expert's testimony and the trial court's charge to the jury that it could find him guilty if it concluded that the alleged molestation occurred within the four years prior to the dates set forth in the indictment. Finally, Dean contends that his trial counsel was ineffective. For the reasons stated below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence."[1] So construed, the evidence shows that the victim, 11-year-old B. D., visited her father, the defendant, during the weekend of November 9, 1997. Rhonda Ray, B. D.'s mother, testified that when B. D. returned home on Sunday, November 11, 1997, "she was real quiet. She would not speak. She would not talk or anything. She just moped around with her head hung." When Ray asked B. D. what was wrong, B. D. said that her daddy had sex with her. Ray immediately took B. D. to the hospital.

At the hospital, B. D. was examined by Dr. David Porterfield. Upon examining B. D., Dr. Porterfield found a bruise and a tear in the internal opening of B. D.'s vaginal area. Dr. Porterfield testified that the tear was "a reasonably fresh injury" and would have had to have occurred within a couple of days. Further, the tear showed that some stretching force was applied. Dr. Porterfield concluded that B. D.'s physical symptoms were consistent with her allegation of molestation.

Officer Laura McElrath was called to the scene to take pictures of B. D. After Officer McElrath introduced herself to B. D., the child asked, "did they tell you what my daddy did to me" and told the officer that her daddy had sex with her. Officer McElrath explained to B. D. that she was at the hospital because of B. D.'s allegation, but she could not ask B. D. any questions. Officer McElrath took pictures of B. D. as Dr. Porterfield pointed out the injuries and blood seepage in B. D.'s vaginal area.

Later that evening, B. D. was interviewed by Officer McElrath in the presence of James Binnicker, who was an employee of the

[1] (Citation and punctuation omitted.) *Hutchinson v. State*, 232 Ga. App. 368, 369 (501 SE2d 873) (1998).

Department of Family & Children Services. B. D.'s mother was not allowed in the interview room. B. D. told Officer McElrath that Dean put his hand and his "dick" in her vagina, which she referred to as her "monkey." B. D. told them that when she went to the bathroom, she noticed a little blood on the toilet paper. Also, she felt "slobber" from Dean's private part when he had it in her "monkey," and it was in her underwear the next morning. The description that B. D. gave during the interview with Officer McElrath was consistent with her trial testimony.

1. In his first enumeration of error, Dean argues that the verdict is contrary to the weight of the evidence because there were several inconsistencies in B. D.'s testimony and there was evidence that he had an alibi. We disagree.

Dean's mother testified that B. D. spent the night with her on the evening of Friday, November 7, 1997, and that Dean did not stay with them. Dean's friend, Steve Mulkey, testified that on Friday, November 7, 1997, Dean came to his house to work on Mulkey's car and did not leave until 4:30 a.m. on Saturday, November 8, 1997.

As an appellate court, we determine the legal sufficiency of the evidence adduced below and do not weigh the evidence or assess the credibility of the witnesses.[2] "Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[3] Applying the standard established in *Jackson v. Virginia*[4] to the facts in this case, we find that B. D.'s testimony, along with that of Dr. Porterfield, was sufficient to support Dean's conviction of child molestation.[5]

2. Dean next enumerates as error the state's failure to establish the standard of proof required of its' expert's medical opinions. Dr. Porterfield testified that it was his professional opinion that B. D.'s injuries were consistent with the allegation of sexual molestation. Dean argues, citing no authority, that because in civil cases expert opinions must be based on a reasonable degree of medical probability, there must be some standard of proof for medical testimony in criminal cases due to the heightened burden of proof that is required. This argument lacks merit.

---

[2] Id.

[3] (Citation and punctuation omitted.) *Jones v. State*, 226 Ga. App. 420, 423-424 (3) (487 SE2d 56) (1997).

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

"[I]t is not the doctor's expert opinion (or any other individual bit of evidence) alone, but the totality of the evidence that must be sufficient to convince the trier of fact 'beyond a reasonable doubt.' "[6] Because we find that the totality of the evidence was sufficient to support a verdict of guilty beyond a reasonable doubt, this enumeration fails.

3. Dean argues that the trial court erred when it charged the jury that it could find him guilty if it found he committed the alleged acts not only between the dates alleged in the indictment (November 7-9, 1997), but also at any time within four years prior to those dates. Dean contends that the charge was not consistent with the evidence and was prejudicial to his alibi defense. As discussed in Division 4 below, the charge was not an accurate statement of the law. Nonetheless, the particular objections made by Dean are without merit.

"The general rule is that when the exact date of the commission of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred any time within the statute of limitations."[7] This rule applies even when the defense is alibi.[8] Thus, the trial court was allowed to include the limitation period in the charge.

Acknowledging the confusion created when this rule is juxtaposed with the alibi defense, however, we have held that a charge that includes the period of limitation is not grounds for reversal where the requirements set forth in *DePalma v. State*[9] have been met.[10] Under *DePalma*, the accused must be informed of the charges against him, so that he may be able to present his defense and not be taken by surprise by the evidence offered at the trial, and he must be protected against another prosecution for the same offense.[11] In this case, the requirements have been met. Furthermore, in light of B. D.'s statement that this was the only time her father had molested her, the trial court's inclusion of the limitation period in its charge to the jury did not prejudice Dean's alibi defense.

4. The trial court misstated the applicable statute of limitation in its instructions. The precise charge given was:

Now, if after considering the testimony and the evidence which has been presented to you, together with these instructions I have given you, you should find and believe

---

[6] *Irby v. State*, 260 Ga. 401, 403 (1) (396 SE2d 210) (1990).

[7] (Citation and punctuation omitted.) *Knight v. State*, 210 Ga. App. 63, 65 (2) (435 SE2d 276) (1993).

[8] *Whittington v. State*, 184 Ga. App. 282, 285 (4) (361 SE2d 211) (1987).

[9] 225 Ga. 465 (169 SE2d 801) (1969).

[10] *Whittington*, supra at 285 (4).

[11] *DePalma*, 225 Ga. at 469-470 (3).

> beyond a reasonable doubt that the defendant did commit this offense, or an offense alleged in a count, in Gordon County between November the 7th and November the 9th, 1997, or at any time within four years prior to that date, you would be authorized to find the defendant guilty.

The court perhaps intended to instruct the jury that it could find the defendant guilty if the evidence proved the offense occurred within four years prior to the date of the indictment. A similar charge has frequently been approved by the appellate courts.[12] As discussed in Division 3 above, when the exact date is not a material allegation of the indictment, the commission of an offense may be proved to have occurred any time within the statute of limitation.

Because the victim in the case at bar was less than fourteen years of age at the time of the crime, the statute of limitation was seven years.[13] In Georgia, the limitation period expires when a suspect is indicted or, more precisely, when the indictment is "returned."[14] The three indictments in the record are undated but reflect that they were prepared during the March 1998 term of Gordon Superior Court.[15] Thus the defendant could have been convicted upon proof that he committed the crimes alleged between March 1991 and March 1998. This is a longer period than that specified by the trial judge, i.e., the four-year period prior to November 7 (or November 9), 1997. The misstatement in the jury instructions was favorable to the defendant, and he can claim no prejudice.

5. Finally, Dean argues that his trial counsel was ineffective because he failed to do the following: (a) object that the state's expert's opinions were not based upon a reasonable degree of medical certainty; (b) object to the jury charge regarding the time within which the crime could have been committed; (c) ask the state's expert whether the fact that B. D.'s hymen was intact was inconsistent with the allegation that Dean had sex with B. D. while lying on top of her; (d) introduce the child custody order showing the pending custody action; and (e) effectively cross-examine the state's witnesses about the origination of B. D.'s complaint. These arguments fail.

---

[12] See, e.g., *Robinson v. State*, 175 Ga. App. 845 (334 SE2d 886) (1985); *Reed v. State*, 130 Ga. App. 659 (204 SE2d 335) (1974); *Martin v. State*, 57 Ga. App. 346 (195 SE 313) (1938).

[13] OCGA § 17-3-1 (c); *Thompson v. State*, 212 Ga. App. 175, 176 (2) (442 SE2d 771) (1994). °

[14] Daniel, Ga. Crim. Trial Prac. (1999 ed.), § 14.60, citing *Flint v. State*, 12 Ga. App. 169 (76 SE 1032) (1913). See also *Lee v. State*, 232 Ga. App. 300, 301 (1) (501 SE2d 844) (1998); *State v. Rustin*, 208 Ga. App. 431, 433 (2) (430 SE2d 765) (1993); OCGA § 16-1-3 (14).

[15] The March term of Gordon County Superior Court lasts three months. However, the conviction was entered on March 31, 1998, so the indictments must have been filed during the month of March.

"[I]n order to prevail on a claim of ineffectiveness of trial counsel, a defendant must show that his attorney's performance was deficient and that the deficiency prejudiced him such that a reasonable probability exists that, but for the attorney's errors, there would have been a different outcome at trial."[16] Furthermore, "[a] court . . . is not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one[, and its] finding of effectiveness must be upheld unless clearly erroneous."[17]

(a) In Division 2 of this opinion, we rejected Dean's argument that the state failed to establish the standard of proof to which its expert based his medical opinions. Thus, any argument by trial counsel that the state's expert was required to testify to a "reasonable degree of medical certainty" would have lacked merit. Thus, trial counsel's failure to assert such an argument cannot be considered deficient performance.

(b) In Divisions 3 and 4 of this opinion, we concluded that the trial court's charge to the jury regarding the statute of limitation for child molestation was not erroneous. Thus, had trial counsel objected to the charge, his objection would have lacked merit. "Failure to make a meritless objection cannot be evidence of ineffective assistance."[18]

(c) Dean's contention that his counsel was ineffective for failing to ask the state's expert whether the fact that B. D.'s hymen remained intact after the alleged molestation was consistent with her allegation lacks merit. "[A] matter such as the cross-examination of a witness is most often grounded in matters of trial tactics and strategy and, in those instances, provides no basis for finding counsel's performance deficient."[19] Furthermore, since Dean has not proffered the witnesses' expected testimony, he cannot show that counsel's failure to pose this particular question affected the outcome of his case.

"The failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant."[20] In fact, the record shows that the evidence was to the contrary. The state's expert volunteered that B. D.'s hymen was intact during direct

---

[16] (Citation omitted.) *Butler v. State*, 273 Ga. 380, 384 (10) (541 SE2d 653) (2001).

[17] (Citation and punctuation omitted.) *Green v. State*, 240 Ga. App. 650, 652-653 (3) (523 SE2d 632) (1999).

[18] (Citation and punctuation omitted.) *Sanders v. State*, 211 Ga. App. 859, 862 (1) (440 SE2d 745) (1994).

[19] *Butler v. State*, supra at 385 (10) (b).

[20] (Citation and punctuation omitted.) *Mitchell v. State*, 220 Ga. App. 264, 266 (469 SE2d 707) (1996).

examination, yet still maintained that her injuries were consistent with child molestation. Accordingly, since there is no evidence that the answer to this question would have been favorable to Dean, we find that he was not prejudiced by his trial counsel's failure to pose the question.

(d) Regarding trial counsel's failure to introduce the child custody order to show the pending custody action, we note that both B. D. and her mother testified about the pending custody action. Thus, it was a factor for the jury's consideration, rendering the introduction of the order into evidence cumulative. Because Dean has not shown that there is a reasonable probability that its introduction would have produced a different outcome,[21] trial counsel's failure to do so cannot support an ineffectiveness claim.

(e) Finally, Dean contends that his trial counsel's performance was deficient because counsel failed to cross-examine witnesses about the origination of B. D.'s complaint. Specifically, Dean asserts that B. D. told her mother that she "had itching down there" and did not report molestation until her mother questioned her about the itching. This assertion, however, is not supported by the record. Conversely, the record shows that B. D. told her mother that she was hurting, not itching. Also, Dr. Porterfield testified on redirect examination that B. D.'s injuries were not consistent with B. D. having scratched herself. Thus, even if we assume that trial counsel's failure to cross-examine the witnesses on this issue was deficient, Dean has not shown that, but for this error, he would not have been convicted.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 30, 2001.

*Rodney L. Mathis,* for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney,* for appellee.

---

[21] See *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).