# Court of Appeals
# of the State of Georgia

ATLANTA,  May 31, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1456. JONATHAN PURCELL v. THE STATE.

After he was arrested following a child pornography sting operation, Jonathan Purcell was charged by indictment with six counts. On the morning of Purcell's trial, the State orally dismissed Count Five (driving under the influence per se).  Of the remaining five counts, the jury found Purcell guilty of three counts, but could not reach a verdict on two counts.  On April 21, 2017, the trial court issued a written judgment of conviction, indicating that the two counts on which the jury had been unable to reach a verdict had been nolle prossed and sentencing Purcell on the three counts of which the jury had found him guilty. However, the judgment did not contain any disposition of Count Five, and the record does not otherwise contain any disposition of that count.

Purcell did not seek timely appellate review of his conviction, but filed a motion for out-of-time appeal in November 2017, which the trial court granted. Purcell thereafter filed a motion for new trial, which the trial court denied,  and Purcell filed the instant appeal.

We lack jurisdiction, because the record does not contain any disposition of Count Five of the indictment, and the case therefore remains pending below. OCGA § 5-6-34 (a) (1) generally allows for direct appeals from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" If a case remains pending, the defendant generally must comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court. See *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). "[W]hen a defendant is prosecuted on a multiple-count indictment, the case

is not final and appealable until the trial court enters a written judgment on each count of the indictment." *Seals v. State*, 311 Ga. 739, 742 (2) (a) (860 SE2d 419) (2021); see also *Bonner v. State*, 182 Ga. App. 133, 134 (355 SE2d 91) (1987) ("There can be no appeal from an oral announcement that a judgment will be rendered, since no judgment is effective until it is signed by the judge and filed with the clerk.") (citation and punctuation omitted). In other words, "when at least one count of a multi-count indictment remains pending below, no count may be appealed as a final judgment[,]" and "a case is pending below when one or more counts of a multi-count complaint or indictment have not been resolved." *Seals*, 311 Ga. at 742-743 (2) (a). Because the record here does not contain any disposition of Count Five, Purcell was required, in order to appeal his conviction and the denial of his motion for new trial, to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) and obtain a certificate of immediate review. His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.[1]



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  05/31/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] We note that Purcell may seek appropriate appellate review upon the entry of a final judgment in this case. We also note that the Georgia Supreme Court recently determined that a trial court lacks authority to grant an out-of-time appeal. *Cook v. State*, ___ Ga. ___, ___ (5) (870 SE2d 758, 782) (2022). Thus, the trial court's order purporting to grant Purcell an out-of-time appeal was ineffective, and if the April 21, 2017 written judgment of conviction had been final, we would have been required to dismiss this appeal as untimely.