# Court of Appeals
# of the State of Georgia

ATLANTA,  April 08, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0293. JUSTIN ALAN JONES v. THE STATE.**

A Carroll County grand jury indicted Justin Jones for kidnapping and other crimes. On August 30, 2023, the trial court entered an order in which, among other things, the court denied Jones's motion to dismiss for alleged speedy trial violations, denied his request to represent himself, appointed counsel to represent him, and concluded that Jones was not entitled to hybrid representation. Jones sought to challenge the order in the Supreme Court of Georgia, which construed his filing as an application for interlocutory appeal and transferred it to this Court. We dismissed the application for failure to comply with the interlocutory or discretionary appeal procedures. See Case No. A24I0101 (Jan. 9, 2024).

After we dismissed that case, the trial court apparently allowed Jones to re-argue the motion to dismiss and verbally denied the motion on March 7, 2024. Jones has now filed a discretionary application in this Court, seeking to appeal the court's March 7, 2024 ruling. However, Jones may not appeal the trial court's oral ruling. See *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987) ("[A]n oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk"). He may not appeal an oral ruling even if, as Jones claims, the court stated that it would prepare a written order. See *Bonner v. State*, 182 Ga. App. 133, 134 (355 SE2d 91) (1987) ("There can be no appeal from an oral announcement that a judgment will be rendered, since no judgment is effective until it is signed by the judge and filed with the clerk.") (Punctuation and citation omitted.).

Without a written trial court order, we are unable to consider Jones's application, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   04/08/2024*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*

---

[1] Given our ruling, we express no opinion on whether Jones's pro se filing here is otherwise ineffective in light of the trial court's ruling that he is not entitled to hybrid representation in this case. See *Johnson v. State*, 315 Ga. 876, 890-891 (4) (885 SE2d 725) (2023).