# Court of Appeals
# of the State of Georgia

ATLANTA,  June 17, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0353. IN THE INTEREST OF I. T. C., A CHILD (MOTHER).**

On April 23, 2024, the juvenile court entered an order terminating the parental rights of the mother of minor child I. T. C.[1] The mother has filed an application for discretionary appeal in this Court. See OCGA § 5-6-35 (a) (12). However, because her previously filed motion for new trial remains pending below,[2] this application is dismissed.

Pursuant to OCGA § 5-6-35 (d), an application for discretionary review should be filed within 30 days of entry of the order complained of, but "[w]hen a motion for new trial . . . has been filed, the application shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." As a general rule, an appeal filed when a motion for new trial is pending confers no jurisdiction on an appellate court and results in dismissal of the appeal. See *Booker v. Amdur*, 186 Ga. App. 276, 276 (367 SE2d 94) (1988).Here, the order complained of will not be ripe for appellate review until the trial court has disposed of the motion for

---

[1] The order also terminated the parental rights of the child's biological father, his legal father, and any other party claiming a parental interest, but only the mother is a party to this application.

[2] The mother's motion for new trial, filed on February 28, 2024–after the termination hearing and the juvenile court's oral pronouncement of its ruling, but before the court entered its written order–ripened upon the entry of the court's April 23, 2024 order. See *Southall v. State*, 300 Ga. 462, 467 (1) (796 SE2d 261) (2017) (concluding that a "prematurely filed motion for new trial that sufficiently identifies the judgment involved becomes fully effective upon entry of that judgment").

new trial.[3] Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/17/2024

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____, *Clerk.*

---

[3] The mother indicates in her application that the trial court denied her motion for new trial, but has not yet signed a denial order. And indeed, her application materials contain no such order. Thus, the ruling is not yet effective. See *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987) ("[A]n oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk."); *Bonner v. State*, 182 Ga. App. 133, 134 (355 SE2d 91) (1987) ("[N]o judgment is effective until it is signed by the judge and filed with the clerk.") (punctuation and citation omitted).