# Court of Appeals
# of the State of Georgia

ATLANTA,  September 16, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0040. LAURIE A. LIDIE et al v. ARTHUR S. HICKS, V et al.**
**A26A0041. LAURIE A. LIDIE v. ARTHUR S. HICKS, V et al.**

In 2018, Laurie A. Lidie sued Arthur S. Hicks, V, Kimberly Hicks, Michael J. Cramer, and Peggy Z. Cramer (the "2018 case"). In 2019, Lidie and the Estate of Arthur St. Clair Hicks, IV, filed a separate lawsuit against the same defendants (the "2019 case"). In 2024, the trial court consolidated the two cases, but separate records for each case continued to be maintained. In April 2025, the court entered substantively identical summary judgment orders in both cases. In the 2018 case, the court filed the order on April 17, 2025. In the 2019 case, the court filed it on April 22, 2025. The appellants filed notices of appeal in both cases on May 22, 2025. The appeal in the 2018 case has been docketed as Case No. A26A0041. The appeal in the 2019 case has been docketed as Case No. A26A0040. The appellees move to dismiss both appeals as untimely. For the reasons explained below, the appellees' motion to dismiss is DENIED in Case No. A26A0040, but GRANTED in Case No. A26A0041.

A notice of appeal must be filed "within 30 days after entry" of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). In Case No. A26A0040, the stamp-filed date on the order is April 22, 2025, so the May 22 notice of appeal was timely. See *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987) (an order is "entered" for purposes of OCGA § 5-6-38 (a) when "it is reduced to writing, signed by the judge, and filed with the clerk"). Thus, the

appellees' motion to dismiss Case No. A26A0040 is DENIED.

In Case No. A26A0041, on the other hand, the stamp-filed date on the order is April 17, 2025, so the May 22 notice of appeal, filed 35 days later, was untimely. Thus, the appellees' motion to dismiss Case No. A26A0041 is GRANTED and that appeal is hereby DISMISSED for lack of jurisdiction.[1] The appellants' motions in that case, for extensions of time to file a brief and request for oral argument, to exceed word limit, and the emergency motion to preserve jurisdiction, are DENIED as MOOT.

In Case No. A26A0040, the appellants' motion for an extension of time to file their appellate brief is GRANTED until September 2, 2025. The appellees' brief shall be filed within 20 days after the filing of the appellants' brief. The appellants' motion for an extension of time to file their request for oral argument is also GRANTED until September 2, 2025. The appellants' motion to exceed word limit is DENIED. The appellants' emergency motion to preserve jurisdiction is DENIED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__09/16/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] The appellants assert that they attempted to e-file their notices of appeal on May 18, 2025, but the trial court rejected the filings in violation of Uniform Superior Court Rule 36.16. To the extent the appellants ask this Court to deem the notices of appeal filed on a different date than that stamped on the notices, such request is DENIED. The matter of the purported improper rejection of the notices of appeal must be resolved by the trial court in the first instance.