# Court of Appeals
# of the State of Georgia

ATLANTA,  April 17, 2026

*The Court of Appeals hereby passes the following order:*

**A26A0689. JAMES FIELDS v. THE STATE.**

A grand jury indicted James Fields for one count each of malice murder (Count 1), felony murder (Count 3), and attempted armed robbery (Count 5), and three counts of possession of a firearm during the commission of a felony (Counts 2, 4, and 6). At trial, the State orally moved for an order of nolle prosequi as to the firearm charges in Counts 2 and 4, which are premised on the underlying felonies in, respectively, Counts 1 and 3. While the trial court appears to have orally granted that motion, no written order to that effect appears in the record on appeal. A jury thereafter found Fields guilty of attempted armed robbery (Count 5) and the third firearm charge (Count 6). The jury found him not guilty of malice murder (Count 1), and the trial court declared a mistrial on the felony murder charge (Count 3) when the jury was unable to reach a verdict on that count. The court subsequently dead-docketed Counts 3 and 4, but the record on appeal contains no written disposition as to Count 2. Fields filed a motion for a new trial, which the trial court denied, and this appeal followed. We lack jurisdiction because the record contains no written disposition as to Count 2, and the case therefore remains pending in the trial court.

Under OCGA § 5-6-34 (a) (1), appeals typically may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." When a case remains pending in the lower court, an appellant generally must comply with the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to initiate an appeal. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). "[W]hen a defendant is

prosecuted on a multiple-count indictment, the case is not final and appealable until the trial court enters a written judgment on each count of the indictment." *Seals v. State*, 311 Ga. 739, 742(2)(a) (860 SE2d 419) (2021), disapproved in part on other grounds, *Gonzales v. State*, 315 Ga. 661, 665(1)(b) n.7 (884 SE2d 339) (2023). See also *Bonner v. State*, 182 Ga. App. 133, 134 (355 SE2d 91) (1987) ("There can be no appeal from an oral announcement that a judgment will be rendered, since no judgment is effective until it is signed by the judge and filed with the clerk." (quotation marks omitted)). In other words, "when at least one count of a multi-count indictment remains pending below, no count may be appealed as a final judgment," and "a case is pending below when one or more counts of a multi-count complaint or indictment have not been resolved." *Seals*, 311 Ga. at 742–43(2)(a). Because the record here contains no written disposition of Count 2, Fields was required to comply with the OCGA § 5-6-34(b) interlocutory appeal procedures and obtain a certificate of immediate review to appeal his convictions and the denial of his motion for a new trial.[1] See *Boyd*, 191 Ga. App. at 435. His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See id. Fields may seek appropriate appellate review upon the entry of a final judgment in this case.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,___04/17/2026_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] By statute, the dead-docketing of Counts 3 and 4 does not affect the finality of the trial court's judgment. See OCGA § 5-6-34(a)(1).